1  CRAIG G. STAUB, Bar No. 172857
   LITTLER MENDELSON
2  A Professional Corporation
   2049 Century Park East
3  5th Floor
   Los Angeles, CA 90067.3107
4  Telephone: 310.553.0308
   Fax No.:    310.553.5583
5
   Attorneys for Defendants
6  U.S. REMODELERS, INC. dba U.S. HOME
   SERVICES and HOME DEPOT U.S.A.,
7  INC.

8

                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11  VICTOR SANCHEZ, an individual      CASE NO. CV11- 04522 PSG (AJW)

12          Plaintiff,                  DEFENDANTS U.S. REMODELERS,
                                        INC. DBA U.S. HOME SERVICES
13     v.                               AND HOME DEPOT U.S.A., INC.'S
                                        NOTICE TO FEDERAL COURT OF
14  US REMODELERS, INC. a business      REMOVAL OF CIVIL ACTION TO
    entity, form unknown; HOME          FEDERAL COURT PURSUANT TO
15  DEPOT USA, INC. ,a business         28 U.S.C. SECTIONS 1332, 1441,
    entity, form unknown; and DOES 1-   AND 1446
16  100, inclusive,
                                        [28 U.S.C. §§ 1332, 1441 AND 1446]
17          Defendants.
                                        Complaint Filed: February 25, 2011
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY

1                TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

2 CENTRAL DISTRICT OF CALIFORNIA:

3                PLEASE TAKE NOTICE that Defendants U.S. REMODELERS, INC.

4 dba U.S. HOME SERVICES ("U.S. Remodelers") and HOME DEPOT U.S.A., INC.

5 ("Home Depot") (collectively "Defendants"), contemporaneously with the filing of

6 this Notice, hereby effect removal of the above-entitled action from the Superior

7 Court of the State of California, County of Los Angeles, to the United States District

8 Court for the Central District of California, pursuant to 28 U.S.C. sections 1441 and

9 1446 and, specifically, on the following grounds:

10 **I.**        **JURISDICTION AND VENUE ARE PROPER.**

11              1.     This action is a civil action over which this Court has original

12 jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a),

13 and is one which may removed to this Court by Defendants pursuant to 28 U.S.C.

14 section 1441(b) because it is a civil action between citizens of different states and the

15 amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth

16 below. 28 U.S.C. § 1332; 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b).

17             2.     Venue is proper in this Court pursuant to 28 U.S.C. sections

18 84(c)(2), 1391 and 1446.

19 **II.**    **STATUS OF THE PLEADINGS AND PROCEEDINGS TO DATE.**

20              3.     This lawsuit arises out of Plaintiff Victor Sanchez ("Plaintiff")

21 employment with Defendant U.S. Remodelers. On April 14, 2011, Plaintiff filed a

22 Complaint in the Superior Court of the State of California, County of Los Angeles,

23 entitled <u>Victor Sanchez v. US Remodelers, Inc. a business entity, form unknown;</u>

24 <u>Home Depot USA, Inc., a business entity, form unknown; and Does 1-100, inclusive,</u>

25 designated as Case No. KC061013R. The Complaint asserts the following purported

26 claims for relief: (1) Disability Discrimination; (2) Harassment; (3) Failure To Prevent

27 Discrimination; (4) Failure To Accommodate; (5) Failure To Engage In The

28 Interactive Process; (6) Retaliation; (7) Wrongful Constructive Termination In

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

2.

Violation Of The California Fair Employment And Housing Act; and (8) Wrongful Constructive Termination In Violation Of Public Policy.  A true and correct copy of the Complaint is attached hereto as Exhibit "1."

4.    On April 26, 2011, Plaintiff served a copy of the Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution (ADR) Information Package on CT Corporation, U.S. Remodelers agent for service of process, true and correct copies of which are attached hereto as Exhibit "2."

5.    On April 26, 2011, Plaintiff served a copy of the Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution (ADR) Information Package on CT Corporation, Home Depot's agent for service of process. A true and correct copy of the summons served on Home Depot is attached hereto as Exhibit "3."

6.    On May 24, 2011 U.S. Remodelers filed its Answer to Plaintiff's Complaint in the Superior Court of the County of Los Angeles.  A true and correct conformed copy of U.S. Remodelers' Answer is attached hereto and incorporated herein as Exhibit "4."

7.    On May 24, 2011 Home Depot filed its Answer to Plaintiff's Complaint in the Superior Court of the County of Los Angeles.  A true and correct conformed copy of Home Depot's Answer is attached hereto and incorporated herein as Exhibit "5."

8.    All pleadings, process or orders received by Defendants in the case are attached hereto.  Defendants have received no other process, pleadings or orders. 28 U.S.C. § 1446(a).

## III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

9.    Although Plaintiff's Complaint is silent as to the total amount of damages claimed, the failure of the Complaint to specify the total amount of damages sought by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"). Instead, a defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-62 (9th Cir. 1996). *See also Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (same).

10.    Notwithstanding Plaintiff's failure to allege the total amount of damages claimed, the amount in controversy as alleged by Plaintiff in this case clearly exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Although the Complaint does not state a specific dollar amount of damages Plaintiff seeks, Plaintiff asserts claims for: (1) special damages, including but not limited to both loss of earnings and benefits, (2) general damages for sleeplessness, depression, anxiety and stress, (3) punitive damages, and (4) attorneys' fees. *See* Complaint ¶¶ 21-25, 29-31, 35-37, 48-51, 59-63, 67-70, 77-80, 86-90, 100-103, 106-110, Prayer for Relief.

## A.    <u>Special Damages.</u>

11.    Although Defendants deny that they can or should be liable for the damages alleged in Plaintiff's Complaint, based on the causes of action in the Complaint, including Plaintiff's causes of action under California's Fair Employment and Housing Act (the "FEHA"), if Plaintiff prevails on those claims, he could be entitled to receive lost compensation in the form of back pay running from the time of the alleged unlawful termination until the date of judgment in this case. Cal. Gov't Code § 12965(b). *See also Commodore Home Systems, Inc. v. Super. Ct.*, 32 Cal. 3d 211, 221 (1982) (noting that in a civil action under the FEHA, "all relief generally available in noncontractual actions . . . may be obtained").

12.    In 2010, Plaintiff earned $34,514.23 through his termination date on November 22, 2010. Annualized, this is approximately $38,185.68 per year. *See*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

Declaration of Robert A. DeFronzo In Support Of Defendants' Notice Of Removal Of Civil Action To Federal Court Pursuant To 28 U.S.C. Sections 1332, 1441, and 1446, ("DeFronzo Decl.") at ¶ 4.   In 2008, Plaintiff earned $25,166.83 (annualized to approximately $42,215.15) and in 2009, he earned $41,277.90. *Id.*

13.   Plaintiff alleges that his employment was terminated on November 22, 2010, or approximately six month ago. *See* Complaint ¶ 12.   Therefore, at a minimum, if Plaintiff prevails on his FEHA claims, he could potentially recover back pay in the amount of **$19,092.84** ($38,185.68 x 1/2 year). *See* Declaration of Craig G. Staub In Support Of Defendants' Notice Of Removal Of Civil Action To Federal Court Pursuant To 28 U.S.C. Sections 1332, 1441, and 1446, ("Staub Decl.") at ¶ 5.

14.   In addition, Plaintiff could also be entitled to front pay.   Front pay awards in California frequently span a number of years. *See, e.g., Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached).   Even conservatively estimating that Plaintiff seeks front pay benefits for the next two (2) years, the amount of future wages in controversy in this case would total another approximately **$76,371.36** ($38,185.85 x 2 years).   Thus, it may be reasonably estimated that Plaintiff's claims for back pay and front pay, will alone total **$95,464.20** ($19,092.84 in back pay + $76,371.36 for two years of front pay), far in excess of the jurisdictional minimum. *See* Staub Decl., ¶ 6.

**B.   General Damages.**

15.   The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolital Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at *11 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

**C.   Punitive Damages.**

16.   Plaintiff also seeks punitive damages through his Complaint. *See*

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Complaint ¶¶ 23, 24, 30, 36, 43, 50, 62, 69, 79, 89, 101, 102, 103, 108, 110 Prayer for Relief.  Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *See also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).  In *State Farm vs. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2003), the Supreme Court ruled that a single-digit ratio (i.e., no more than nine-to-one) was appropriate when issuing an award of punitive damages.  Using this 1:9 ratio, the punitive damages award against Defendants could total **$859,177.80** ($95,464.20 (potential lost wages alone) x 9 (ratio for award of punitive damages)). *See* Staub Decl., ¶ 7.

17.    In *Aucina*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages.  The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages might alone exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. at 334.  The same finding is compelled here.

**D.    Attorneys' Fees.**

18.    Plaintiff's Complaint also seeks attorneys' fees. *See* Complaint ¶¶ 25, 31, 37, 44, 51, 63, 70, 80, 90, Prayer for Relief.  It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages ***as well as*** attorneys' fees. *See Kroske*, 432 F.3d at 980; *and Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute). *See also Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001).   Taking into account reasonable attorneys' fees, the amount in controversy easily exceeds $75,000 and, by including his claim for attorneys' fees, it is clear beyond a preponderance of the evidence that Plaintiff seeks to recover an amount in excess of $75,000 in this action. *See, e.g.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1    *Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that an award

2    of attorneys' fees of $376,520 may be appropriate in a discrimination case where the

3    jury awarded compensatory damages of only $30,000).

4    **E.     Recent Verdicts.**

5         19.    The gist of Plaintiff's claims is that he was subjected to

6    discrimination based on his purported disability.    Jury verdicts in disability

7    discrimination cases in California confirm that were Plaintiff to prevail at trial, his

8    damages would clearly be in excess of the $75,000 threshold.  For example, in the

9    matter of *Vanderheiden v. City of Alameda*, No. RG06 283619, in the Superior Court

10   of Alameda County, on March 23, 2011 the jury awarded the plaintiff $680,182 in a

11   case involving disability discrimination.   Staub Decl. ¶ 8, Ex. A.   Further, in the

12   matter of *Ybarra v. Dacor Holdings, Inc., et al.*, No. KC-054144, in the Los Angeles

13   Superior Court, on February 26, 2010 the jury awarded the plaintiff $615,236 after

14   finding liability for disability discrimination.  Staub Decl. ¶ 9, Ex. B.  In the matter of

15   *Carrillo v. County of Orange*, No. 07CC02038, in the Orange County Superior Court,

16   on July 6, 2009 the jury awarded the plaintiff $441,879 in a case involving disability

17   discrimination, the failure to engage in the interactive process, the failure to

18   reasonably accommodate, and retaliation.  Staub Decl. ¶ 10, Ex. C.  Similarly, in the

19   matter of *Morales v. Los Angeles County Metropolitan Transportation Authority*,

20   BC339557, on August 19, 2008, a Los Angeles Superior Court jury awarded the

21   plaintiff $2,247,137 in a case involving disability discrimination, the failure to

22   accommodate, and the failure to engage in the interactive process.  Staub Decl. ¶ 11,

23   Ex. D.

24        20.    Thus, by virtue of the claims asserted in Plaintiff's Complaint and

25   the applicable law, the preponderance of the evidence clearly establishes that Plaintiff

26   is seeking well in excess of the seventy-five thousand dollar ($75,000) jurisdictional

27   limit of this Court, thus making removal entirely proper here.  *See Guglielmino v.*

28   *McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (finding that when "complaint

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

is unclear and does not specify "a total amount in controversy,'" the proper burden of proof for removal is a preponderance of the evidence); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (removal proper where "the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *and Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional limits satisfied). *See also Ditcharo v. UPS*, No. 09-30993, 2010 U.S. App. LEXIS 9012, **6-7 (5th Cir. April 29, 2010) (adopting *Luckett* "preponderance of the evidence" standard).

## IV.        COMPLETE DIVERSITY OF CITIZENSHIP EXISTS HERE.

21.    At all times relevant to this lawsuit, Plaintiff alleges that he was a resident of the County of Los Angeles, State of California. *See* Complaint ¶ 1.

22.    For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *The Hertz Corporation v. Friend, et al.*, the U.S. Supreme Court analyzed 28 U.S.C. section 1332(c), and exclusively adopted the "nerve center" test for determining corporate citizenship in diversity jurisdiction cases. In so doing, the *Hertz* Court determined that a corporation's "principal place of business" is "the place where a corporation's high level officers direct, control, and coordinate the corporation's activities." *The Hertz Corporation v. Friend, et al.*, ___ U.S. ___; 130 S.Ct. 1181, 1186; 175 L.Ed. 2d 1029 (2010). *See also Van Noland, et al. v. Pelletier, et al.*, No. 2:09-cv-02035-MCE-DAD, 2010 U.S. Dist. LEXIS 33554, **6-7 (E.D. Cal. April 6, 2010) (invoking *Hertz* standard). This "nerve center" should normally be the place where the corporation maintains its headquarters. *Hertz*, 130 S.Ct. at 1192.

23.    Applying the requirements of 28 U.S.C. section 1332(c) and the "nerve center" test as articulated by the *Hertz* Court, there is complete diversity of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1   citizenship in this matter, as U.S. Remodelers is a citizen of both Delaware and Texas,

2   and is <u>not</u> a citizen of California.  Likewise, Home Depot is a citizen of both Delaware

3   and Georgia, and is <u>not</u> a citizen of California,

4   **A.**   **Defendant U.S. Remodelers, Inc. dba U.S. Home Services Is**

5   **Incorporated In Delaware, And Is Therefore A Citizen Of That**

6   **State.**

7        24.   Defendant U.S. Remodelers, Inc. is incorporated in the State of

8   Delaware.  *See* DeFronzo Decl. ¶ 5.

9   **B.**   **Defendant U.S. Remodeler's Inc. dba U.S. Home Services' Principal**

10   **Place Of Business Is In Texas, And Is Therefore A Citizen Of That**

11   **State.**

12        25.   As shown below, Defendant U.S. Remodelers' principal place of

13   business is in Texas, and <u>not</u> in California:

14        a.   U.S. Remodelers' corporate headquarters is located at 405

15             State Highway 121 Bypass, Suite 250, Lewisville, Texas,

16             75067.  *See* DeFronzo Decl. ¶ 6.

17        b.   All of U.S. Remodelers' senior executives have offices in

18             either Texas or Florida, including the President and CEO.

19             With the exception of the Vice President of Operations, all

20             other executives, including the Chief Financial Officer,

21             General Counsel, the Vice-President of Sales, the Associate

22             General Counsel and Vice President of Human Resources,

23             are all located in Texas.  *See* DeFronzo Decl. ¶ 7.

24        c.   All of U.S. Remodelers' administrative functions, such as

25             finance and accounting, human resources, legal, Information

26             Technology (IT) and payroll are located in Texas.  *See*

27             DeFronzo Decl. ¶ 7.

28        d.   U.S. Remodelers' Board of Directors meets at the corporate

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

1   |   headquarters in Texas. All quarterly strategic planning
2   |   meetings are held in the Texas corporate headquarters, or on
3   |   rare occasion in Florida. *See* DeFronzo Decl. ¶ 7.

4   |   26.   Because U.S. Remodelers is incorporated in Delaware, and
5   because its "high level" officers direct, control, and coordinate the corporation's
6   activities from Lewisville, Texas and Florida, U.S. Remodelers is a citizen of both
7   Delaware and Texas, and is <u>not</u> a citizen of California.

8   **C.   <u>Defendant Home Depot U.S.A., Inc. Is Incorporated In Delaware,</u>**
9   **<u>And Is Therefore A Citizen Of That State.</u>**

10   |   27.   Defendant Home Depot is incorporated in the State of Delaware.
11   See applicable excerpt from Form 10-K Annual report filed on March 24, 2011 by
12   The Home Depot, Inc. pursuant to Section 13 or 15(d) of the Securities Exchange Act
13   of 1934. *See* Staub Decl., ¶ 12, Ex. E.

14   **B.   <u>Defendant Home Depot U.S.A., Inc.'s Principal Place Of Business Is</u>**
15   **<u>In Georgia, And Is Therefore A Citizen Of That State.</u>**

16   |   28.   Defendant Home Depot U.S.A., Inc.'s principal place of business
17   is in Georgia, and <u>not</u> in California. *See* Staub Decl., ¶ 12, Ex. E.

18   |   29.   Because Home Depot U.S.A., Inc. is incorporated in Delaware,
19   and because its principle place of business is in Atlanta, Georgia, Home Depot,
20   U.S.A., Inc. is a citizen of both Delaware and Georgia, and is <u>not</u> a citizen of
21   California. *See Arellano v. Home Depot, U.S.A., Inc.* 245 F.Supp.2d 1102 (9th Cir.
22   2003) (denying motion to remand because Home Depot U.S.A., Inc. established that it
23   was a citizen of Delaware and Georgia, and not California).

24   **C.   <u>Complete Diversity of Citizenship Exists Here.</u>**

25   |   30.   As set forth above, complete diversity of citizenship exists here
26   because Defendants, on the one hand, and Plaintiff, on the other hand, are citizens of
27   *different* states. 28 U.S.C. § 1332(a)(1).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

31.   As to the citizenship of Plaintiff, U.S. Remodelers employed Plaintiff within the State of California and is informed and believes that he was at the time the action was commenced in State court, and still is, a citizen of the State of California. *See* Complaint ¶ 1.

32.   Does 1 through 100, inclusive, are wholly fictitious.   The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.   The citizenship of these doe defendants is to be disregarded for the purposes of determining diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action.   28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (citing to 28 U.S.C. § 1441(a), and noting that inclusion of Doe defendants in a state court complaint has no effect on removability).   *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

33.   No other party is named, or has been served as of the date of this Notice of Removal.

## V.       TIMELINESS OF REMOVAL.

34.   This Notice of Removal is timely in that it has been filed within thirty (30) days of service of the Summons and Complaint on Defendants U.S. Remodelers and Home Depot on April 26, 2011 and within one year of the filing of the Complaint on April 14, 2011.   28 U.S.C. § 1446(b).

## VI.      NOTICE TO COURT AND PARTIES.

35.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles as required by 28 U.S.C. § 1446(d).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Dated:   May __25__, 2011

CRAIG G. STAUB
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
U.S. REMODELERS, INC. dba U.S.
HOME SERVICES and HOME DEPOT

Firmwide:101765758.2 058012.1000

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

# EXHIBIT 1

*TPW 1:15  4/26* (handwritten)

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** US REMODELERS, INC., a business
*(AVISO AL DEMANDADO):* entity, form unknown; HOME DEPOT
USA, INC., a business entity form unknown

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
APR 1 4 2011
LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** VICTOR SANCHEZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. AVISO: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
400 Civic Center Plaza
Pomona, CA 91766
East District

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT R

CASE NUMBER:
*(Número del Caso):* KC061013

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven M. Sweat (SBN 181867)                                    310-623-3771
Joshua W. Glotzer (SBN 178228)
GLOTZER & SWEAT, LLP
280 S. Beverly Drive, Suite 302, Beverly Hills, CA 90212  L. MASCORRO

DATE:  APR 1 4 2011    JOHN A. CLARKE    Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* US REMODELERS, INC., A BUSINESS ENTITY, FORM UNKNOWN
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* BUSINESS ENTITY, FORM UNKNOWN
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Legal Solutions Plus
Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

1  Steven M. Sweat [State Bar No. 181867]
   Joshua W. Glotzer, Esq. [State Bar No. 178228]
2  GLOTZER & SWEAT, LLP
   280 S. Beverly Drive, Suite 302
3  BEVERLY HILLS, CA 90212
   TELEPHONE: (310) 623-3771
4  Attorneys for Plaintiff, VICTOR SANCHEZ

ORIGINAL FILED

APR 1 4 2011

LOS ANGELES
SUPERIOR COURT

5                    SUPERIOR COURT OF CALIFORNIA

6                        COUNTY OF LOS ANGELES

7

8  VICTOR SANCHEZ, an individual,          )  Case No.: _____ KC061613
                                           )
9              Plaintiffs,                 )  COMPLAINT FOR DAMAGES
                                           )    1.  Discrimination under Government
10                                         )        Code § 12900, Et. Seq. (Physical
                                           )        Disability Discrimination)
11  vs.                                    )    2.  Failure to Provide Reasonable
                                           )        Accommodation in Violation of
12                                         )        Government Code § 12940, Et. Seq.
                                           )    3.  Failure to Engage in the Interactive
13  US REMODELERS, INC., a business entity,)        Process in Violation of Government
    form unknown; HOME DEPOT USA, INC., a  )        Code § 12940, Et. Seq.
14  business entity, form unknown; and DOES 1-)   4.  Failure to Take All Reasonable Steps
    100, inclusive.                        )        to Prevent Retaliation and
15                                         )        Discrimination From Occurring under
                                           )        Government Code § 12940(k)
16             Defendants                  )    5.  Retaliation in Violation of Government
                                           )        Code § 12900, Et. Seq.
17                                         )    6.  Failure to Provide Medical Leave and
                                           )        Discrimination under Government
18                                         )        Code § 12900, Et. Seq. (California
                                           )        Family Rights Act)
19  _____       )    7.  Interference with Rights Under the
20                                                  California Family Rights Act
                                                8.  Retaliation for Taking Leave Under
21  CASE ASSIGNED FOR                           California Family Rights Act
    ALL PURPOSES TO                          9.  Wrongful Termination in Violation of
22  JUDGE ROBERT A. DUKES                       California Labor Code § 1102.5
    DEPT. R.                                 10. Unfair Competition-Unfair and
23                                               Unlawful Business Practices in
24                                               Violation of Business & Professions
                                                 Code § 17200, Et Seq.
25                                           11. Wrongful Termination in Violation of
26                                               Public Policy
27                                           12. Intentional Infliction of Emotional
28                                               Distress

                              Complaint

                                 1

PLAINTIFF, VICTOR SANCHEZ, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff, Victor Sanchez (hereinafter "SANCHEZ" or "PLAINTIFF") was a resident of the County of Los Angeles, California.

2. At all times herein mentioned, Defendant US Remodelers, Inc. (hereinafter "US REMODELERS" or "DEFENDANT") is a business entity, form unknown, and was doing business in the County of Los Angeles, California.

3. At all times herein mentioned, Defendant Home Depot USA, Inc. (hereinafter "HOME DEPOT" or "DEFENDANT") is a business entity, form unknown, and was doing business in the County of Los Angeles, California.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants factiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these factiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

5. Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, thereon alleges that at all times herein mentioned, each of the remaining co-Defendants, in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/his co-Defendants.

6. On May 8, 2008, Plaintiff, SANCHEZ began working for Defendants HOME DEPOT and US REMODELERS as an installer.

7. On or about March 25, 2010, Plaintiff became a class member in a wage and hour class action lawsuit against Defendants HOME DEPOT and US REMODELERS.

8. On approximately August 28, 2010, the class action lawsuit was resolved with a settlement, wherein the Plaintiff received a monetary settlement.

9. Beginning on approximately March 25, 2010, Defendants reduced Plaintiff's workload, work hours, and work schedule. Additionally, Defendants assigned Plaintiff mostly unconfirmed jobs wherein Plaintiff was required to travel long distances.

10. On approximately November 15, 2010, Plaintiff suffered a back injury while working for Defendants HOME DEPOT and US REMODELERS.

11. On approximately November 16, 2010, Plaintiff sought medical treatment for his injury. A medical doctor instructed Plaintiff to take one week of medical leave. Plaintiff notified Defendants of his injury and asserted his right to medical leave to recuperate from his injury.

12. On approximately November 22, 2010, less than a week after Plaintiff asserted his right to medical leave, Defendants HOME DEPOT and US REMODELERS terminated Plaintiff from his employment.

13. On March 9, 2011, Plaintiff timely exhausted his administrative remedies under the California Fair Employment and Housing Act by filing a charge that Defendants discriminated against him and terminated his employment, and violated the California Family Rights Act because of his physical disability. On March 9, 2011, the Department

Complaint

3

of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter in respect to said Defendants.

## FIRST CAUSE OF ACTION

### PHYSICAL DISABILITY AND/OR MEDICAL CONDITION DISCRIMINATION

### (CALIFORNIA GOVERNMENT CODE SECTIONS 12900, ET.SEQ.)

#### (as against all defendants)

14. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

15. This cause of action is based upon California Government Code section 12926(k) which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major life activities. This cause of action is also based upon California Government Code section 12940 for discriminating against Plaintiff on the basis of physical disability and/or medical condition and for failing to reasonably accommodate the Plaintiff's physical disability.

16. As alleged above, Plaintiff timely exhausted his administrative remedies under the California Fair Employment and Housing Act.

17. As alleged above, on approximately November 15, 2010, Plaintiff suffered a back injury while working for Defendants. On approximately November 16, 2010, Plaintiff informed

Defendants of the injury and provided Defendants a doctor's note, requiring approximately one week medical leave.

18. Plaintiff's back condition constitutes a physical disability and/or medical condition as defined above in California Government Code Section 12926(k).

19. Plaintiff brings this cause of action for physical disability and/or medical condition discrimination, a failure to accommodate such, and termination of employment because of such disability/medical condition.

20. Plaintiff alleges that he was discriminated against as follows: Defendants reduced his work assignments/hours and terminated Plaintiff because he suffered a back injury.

21. As a direct, foreseeable, and proximate result of the conduct complained of, the Plaintiff has suffered, and continues to suffer, loss of salary, benefits and bonuses plus expenses incurred in obtaining substitute employment and not being regularly employed, all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

22. As a further direct and proximate result of said Defendants' unlawful discrimination, the Plaintiff has suffered, and continues to suffer, sleeplessness, depression, anxiety, and stress, in a sum within the jurisdiction of this court, to be ascertained according to proof.

23. The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating the Plaintiff for refusing to comply with their willful violations of the above referenced statutes entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said

1    Defendants, deter them from engaging in such conduct again, and to make an example of

2    them to others.

3    24. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of

4    said Defendants, described above, was fraudulent, oppressive, and malicious and which

5    was performed by the plaintiff's supervisors and managers and whose conduct was

6    ratified by those other individuals who were managing agents of said Defendants. These

7    unlawful acts were further ratified by the Defendants employers and done with a

8    conscious disregard for the Plaintiff's rights and with the intent, design and purpose of

9    injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary

10   damages in a sum to be determined at the time of trial.

11   25. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as

12   allowed by California Government Code section 12965.

### SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION (GOVERNMENT CODE § 12940 ET. SEQ.)**

**(as against all defendants)**

26. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth

herein.

27. The Fair Employment and Housing Act requires employers to provide reasonable

accommodations to employees with a disability. During all relevant time periods,

Plaintiff suffered and/or was regarded as suffering from a back injury, a physical and/or

mental disability as defined by Government Code Section 12926(i) and (k).

28. On or about November 16, 2010, Plaintiff informed Defendants that he suffered a back injury and needed one week medical leave to recover. On or about November 22, 2010, when Plaintiff attempted to return from his disability leave, Defendants failed to reasonably provide him a reasonable accommodation for his disability and/or medical condition by refusing to allow Plaintiff to return to work.

29. As a result of Defendants' failure to provide plaintiff with a reasonable accommodation, plaintiff has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

30. In acting as described herein, Defendants' acted with oppression, fraud and malice, in conscious disregard of Plaintiff's rights under applicable law. Plaintiff is entitled to and prays for punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

31. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

### THIRD CAUSE OF ACTION

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOVERNMENT CODE § 12940 ET. SEQ.)**

**(as against all defendants)**

32. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

33. The Fair Employment and Housing Act requires employers to engage in the interactive process with plaintiff when defendant was informed of plaintiff's back injury and that

Complaint

7

plaintiff required a reasonable accommodation. During all relevant time periods, Plaintiff suffered and/or was regarded as suffering from a back injury, a physical and/or mental disability as defined by Government Code Section 12926(i) and (k).

34. On or about November 16, 2010, Plaintiff informed Defendants that he suffered a back injury and needed one week medical leave to recover. On or about November 22, 2010, when Plaintiff attempted to return from his disability leave, Defendants failed to engage in a dialogue with the Plaintiff about any available reasonable accommodations Defendant could offer Plaintiff to enable him to perform the duties of the job.

35. As a result of Defendants' failure to engage in the interactive process, Plaintiff has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

36. In acting as described herein, Defendants' acted with oppression, fraud and malice, in conscious disregard of Plaintiff's rights under applicable law. Plaintiff is entitled to and prays for punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Defendant.

37. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

///

///

///

///

Complaint

8

### FOURTH CAUSE OF ACTION

## FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT RETALIATION AND DISCRIMINATION FROM OCCURRING (CALIFORNIA GOVERNMENT CODE SECTION 12940(k))

### (as against all defendants)

38. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

39. Defendants knew that Plaintiff was a member in the wage class action lawsuit against Defendants. As described above, Plaintiff informed Defendants that he was injured and required medical leave. Thus, Defendants knew that Plaintiff was injured and required medical leave. As set forth herein, Defendants failed and refused to take all reasonable steps necessary to prevent Plaintiff from being retaliated against for exercising his legal rights to lawful wages stemming from his participation in the class action lawsuit and from being discriminated against for his physical disability.

40. Defendants' failure and refusal to take all appropriate steps, including, but not limited to, the imposition of effective policies against retaliation and discrimination, substantive and thorough effective training seminars about retaliation and discrimination for all of its employees, prompt and thorough investigations, prompt and appropriate disciplinary actions against transgressors, injured Plaintiff and constituted a violation of Government Code Section 12940(k).

41. As a legal and proximate result of Defendants' failure and refusal to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional

amounts of money Plaintiff would have received but for being subjected to discrimination and retaliation and Defendants' failure to prevent such discrimination and retaliation. As a result of Defendants' conduct, inaction and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

42. As a further legal and proximate result of Defendants' failure and refusal to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe humiliation and degradation, mental anguish, and emotional distress. As a result of Defendants' conduct, inaction and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

43. The above-recited actions of Defendants were done with malice, fraud or oppression and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA. Specifically, Defendants engaged in a pattern of illegal behavior, including a refusal to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. In addition, Defendants' refusal and failure as alleged herein was willful and in conscious disregard of Plaintiff's rights and safety and was done in a cruel and unjust disregard of Plaintiff's rights. Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

44. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

///
///
///

Complaint

10

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CAL. GOVT. CODE §12900 ET. SEQ.

#### (as against all defendants)

45. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

46. The Defendants, and each of them, as alleged in this cause of action, retaliated against Plaintiff because he was a member of a wage and hour class action lawsuit against defendants and because Plaintiff exercised his right to medical leave. Defendant retaliated against Plaintiff for his membership in the class action lawsuit by reducing his workload his work hours, and his work schedule, thereby reducing Plaintiff's income. Defendant retaliated against Plaintiff for his exercise of his medical leave rights by terminating Plaintiff's employment.

47. By engaging in said conduct, as alleged herein, Defendants, and each them, have unlawfully retaliated against Plaintiff in violation of Government Code §§12900, et.seq., prohibiting harassment and retaliation as a consequence of an employee's act of opposing and protesting acts of illegal conduct. Plaintiff has timely filed her charge of retaliation with the California Department of Fair Employment and Housing and has received her Right to Sue notice permitting her to proceed with this cause of action.

48. Defendants and each of them have engaged in the conduct described above with the intent to cause, or with the reckless disregard of the probability of causing, Plaintiff to suffer emotional distress.

49. As a legal result of the Defendants wrongful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and mental distress, which has manifested itself ,among other ways, by depression, anxiety and insomnia, and loss of past and future income, all in an amount according to proof.

50. Defendants' conduct, as alleged in this cause of action, was oppressive, fraudulent and malicious toward. Plaintiff is entitled to exemplary and/ or punitive damages in amount sufficient to punish defendants and make an example of them.

51. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

## SIXTH CAUSE OF ACTION

### MEDICAL LEAVE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT (CALIFORNIA GOVERNMENT CODE SECTION 12945.2)

### (as against all defendants)

52. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

53. This cause of action is based upon California Government Code section 12945.2 for Defendants' discriminating against the Plaintiff, terminating Plaintiff, and refusing to grant the Plaintiff medical leave when Plaintiff sought to exercise Plaintiff's rights under said Act.

54. Plaintiff worked for the defendants at least 1,250 hours in the 12 months prior to his termination.

55. On March 9, 2011, Plaintiff timely exhausted his administrative remedies under the California Fair Employment and Housing Act by filing a charge that Defendants discriminated against him and terminated his employment, and violated the California Family Rights Act because of his physical disability. On March 9, 2011, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter in respect to said Defendants.

56. Plaintiff is informed and believes that Defendants violated California Government Code section 12945.2 by failing to grant Plaintiff medical leave, as required by said code as described herein.

57. Plaintiff is informed and believes that Defendants violated California Government Code section 12945.2 by reducing plaintiff's workload, work hours and work schedule and terminating Plaintiff for exercising his right to medical leave because Plaintiff took time off in order to recuperate from a back injury. Medical leave is not considered granted under Government Code section 12945.2 unless the employer provides the employee, upon the granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. Because defendants failed to provide plaintiff said guarantee, reduced plaintiff's workload, work hours, and work schedule and in fact terminated plaintiff because plaintiff requested and exercised his right to medical leave, defendants violated Government Code section 12945.2.

58. Plaintiff is informed and believes that Defendants would not have suffered grievous economic injury or damages by allowing Plaintiff to take his leave and keeping his position available to Plaintiff.

59. As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, Plaintiff has suffered, and continues to suffer severe emotional distress and substantial losses in salary, bonuses, and benefits, which the Plaintiff would have received from Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed, all to the Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

60. As a further direct and proximate result of the Defendants' unlawful discrimination and failures under this Act, Plaintiff has suffered, and continues to suffer stress and anxiety and symptoms related thereto in a sum within the jurisdiction of this court, to be ascertained according to proof.

61. The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts described herein by willfully violating those statutes enumerated herein and reducing Plaintiff's workload, work hours and work schedule and terminating the Plaintiff for exercising his right to take medical leave as prescribed by the above references statutes entitle Plaintiff to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently in amount to punish the Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

62. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of the Defendants, described above, was performed with oppression, fraud, and malice by the Plaintiff's supervisors and managers and were ratified by those other individuals who were managing agents of the Defendants' employers. These unlawful acts were further ratified by the Defendants' employers and done with a conscious disregard for the

1    Plaintiff's rights and with the intent, design, and purpose of injuring the Plaintiff. By

2    reason thereof, the Plaintiff is entitled to punitive or exemplary damages against the

3    Defendants for their acts as described in this cause of action in a sum to be determined at

4    the time of trial.

5

6    63. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as

7    allowed by California Government Code section 12965.

8

9

10                            **SEVENTH CAUSE OF ACTION**

11   **INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT**

12                            **(as against all defendants)**

13   64. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth

14       herein.

15

16   65. California Government Code § 12945.2, known as the California Family Rights Act

17       ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to

18       care for an employee's own serious health condition. At all times relevant to the instant

19       action, Defendant is an "employer" for purposes of the CRFA because Defendant does

20       business in California and employs 50 or more part-time or full-time people. At all times

21       relevant to the instant action, Plaintiff was an "employee" for purposes of the CFRA

22       because Plaintiff had more than 12 months of service with the employer and had worked

23       more than 1,250 hours for defendant in the 12 month period before the leave began.

24

25

26   66. Plaintiff requested a protected leave under CFRA to care for his own serious health

27       condition, his back injury. Defendants refused to grant Plaintiff's request for medical

28       leave. Medical leave is not considered granted under Government Code section 12945.2

Complaint

15

unless the employer provides the employee, upon the granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. Because defendants failed to provide plaintiff said guarantee, and in fact reduced plaintiff's workload, work hours, work schedule and terminated plaintiff because plaintiff exercised his right to medical leave, defendants violated Government Code section 12945.2.

67. As a proximate result of Defendants' conduct, Plaintiff has lost salary and other employment-related benefits.

68. As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to his damage in an amount unknown at this time, but according to proof at the time of trial.

69. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

70. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

///
///
///
///
///

### EIGHTH CAUSE OF ACTION

**RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12945.2**

**(as against all defendants)**

72. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

73. California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for an employee's own serious health condition. At all times relevant to the instant action, Defendant is an "employer" for purposes of the CRFA because Defendant does business in California and employs 50 or more part-time or full-time people. At all times relevant to the instant action, Plaintiff was an "employee" for purposes of the CFRA because Plaintiff had more than 12 months of service with the employer and had worked more than 1,250 hours for defendant in the 12 month period before the leave began.

74. Defendant violated Government Code §12945.2 when it retaliated against Plaintiff for taking medical leave to recuperate from his back injury. Defendants retaliated against Plaintiff by reducing his workload and assigning him jobs that were unconfirmed and required long-distance driving and by later terminating his employment.

75. Defendants' conduct constitutes a violation of Government Code § 12945.2.

76. As a proximate result of Defendants' conduct, Plaintiff has lost salary, bonuses, benefits, and other employment related benefits.

77. As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to his damage in an amount unknown at this time, but according to proof at the time of trial.

78. As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue his legal rights, to his damage, in an amount unknown at this time but according to proof at the time of trial.

79. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

80. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

### (as against all defendants)

81. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

82. California Labor Code § 1102.5 prohibits employers from retaliating against employees for reporting illegal activities, refusing to participate in what Plaintiff reasonably believed to be an illegal activity, prohibits retaliation against such employees, and generally reflects the broad public policy interest in encouraging workplace whistle blowing.

Complaint

18

83. At all times herein relevant there was an employer/employee relationship between Plaintiff and the Defendants.

84. During the course of his employment, on or about March 25, 2010, Plaintiff exercised his right to lawful wages by participating in a wage and hour class action lawsuit against Defendants because Plaintiff reasonably believed that Defendants were not in compliance with certain wage laws.

85. Defendants retaliated against Plaintiff by reducing his workload and assigning him to long-distance, unconfirmed job assignments. Defendants further retaliated against Plaintiff further by terminating his employment on or about November 22, 2010.

86. Defendants' actions were the cause and a substantial factor of causing Plaintiff harm and damage.

87. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits.

88. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, embarrassment, humiliation and anxiety all to his damage in an amount in excess of the minimum jurisdictional limits of this court. Plaintiff will seek leave of court to amend his complaint to allege the correct amount at the time of trial or according to proof at trial.

89. In doing the acts herein alleged, Defendants acted willfully and maliciously and in a conscious disregard of Plaintiff's civil rights, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294.

Complaint

19

90. Plaintiff also seeks reasonable costs and attorney fees against said Defendants, as allowed by Labor Code § 2699.

### TENTH CAUSE OF ACTION

### UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

#### (as against all defendants)

91. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

92. Business and Professions Code § 17200, et seq., the Unfair Competition Law ("UCL"), defines unfair competition to include, inter alia, any unfair or unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

93. The business acts and practices of Defendant as hereinabove alleged constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said acts and practices violate explicit provisions of the Government Code and the Labor Codes, Defendant has obtained a significant competitive advantage, as a result of its violation of such statutes and therefore, has engaged in unfair competition.

94. The unfair and unlawful business acts and practices of Defendant described herein present a continuing threat to members of the general public in that Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court. Plaintiff requests that such injunction be issued.

Complaint

20

94. Plaintiff further requests an award of attorneys' fees, costs, and expenses incurred in the filing and prosecuting of this action, pursuant to Code of Civil Procedure § 1021.5.

## ELEVENTH CAUSE OF ACTION

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ESTABLISHED BY FEHA (GOVERNMENT CODE §§ 12900, 12940, 12945.2; LABOR CODE §§ 132(a), 1102.5; BUSINESS AND PROFESSIONS CODE §17200)**

**(as against all defendants)**

95. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

96. Under California law, no employee can be terminated for a reason that is in violation of a fundamental public policy, which may be supported by a constitutional or statutory provision that is concerned with a matter effecting society at large.

97. Plaintiff is informed, believes, and based thereon, alleges that Defendants terminated Plaintiff in violation of public policy by discriminating against Plaintiff because of his physical disability, medical condition and his exercise of his right to medical leave.

98. The conduct described in Plaintiff's general allegations violates the following statutes that effect society at large:

    a.  California Government Code section 12940 which prohibits the discrimination, termination, and retaliation of an employee on the basis of an employee's physical disability and/or medical condition

    b.  California Government Code section 12945.2 which prohibits the interference with employee rights under the Code and retaliation for taking leave under the Code.

Complaint

21

c.  California Labor Code section 1102.5 which prohibits retaliating against an employee for reporting illegal activities, etc.

d.  California Labor Code section 132(a) which prohibits terminating an employee because he has filed or made known his intention to file a claim for compensation with his employer or an application for adjudication, or because the employee has received a rating, award, or settlement.

e.  California Business & Professions Code section 17200 which prohibits unfair and unlawful business practices.

f.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by terminating, retaliating, and discriminating against Plaintiff because of his physical disability.

99. Plaintiff alleges that said Defendants violated public policies, affecting society at large, by violating the statutes, as described in the above Paragraphs, by retaliating, discriminating against and terminating him based upon his physical disability, his exercise of the right to medical leave and exercise of the right to lawful wages.

100.    As a direct, foreseeable, and proximate result of the actions of said Defendants, Plaintiff has suffered and continues to suffer, severe emotional distress and substantial losses in salary and other employment benefits he would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

101.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating the Plaintiff for exercising his right to take medical leave as prescribed by the above references statutes entitle Plaintiff to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently in amount to punish the Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

102.     Plaintiff is informed, believes, and based thereon, alleges that outrageous conduct of said Defendants described above, in this cause of action, was done with oppression, fraud, and malice, by Plaintiff's supervisors. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.

103.     By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

## TWELFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (as against all defendants)

104.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

Complaint

23

105.     Defendants intentionally and/or recklessly acted in an outrageous manner that they recklessly and/or intentionally knew would subject the Plaintiff to severe emotional distress by:

a.   Harassing, discriminating, retaliating and terminating Plaintiff as described in the general allegations above, specifically: (1) physical disability/medical condition; (2) participating in wage and hour lawsuit; (3) exercise of right to medical leave.

106.     Defendants' conduct as alleged in this cause of action, directly and proximately resulted in the Plaintiff's suffering and continuing to suffer, distress, sleeplessness, stress, anxiety, and depression.

107.     As a direct, foreseeable, and proximate result of Defendants' actions, and each of their actions alleged in this cause of action, the Plaintiff has suffered and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits he would have received had said Defendants actions, and each of their actions, not caused him such emotional suffering and grief, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

108.     As a direct, foreseeable, and proximate result of said Defendants' actions, and each of their actions as alleged in this cause of action which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard the Plaintiff's rights by taking the actions allege din this cause of action, the Plaintiff prays for punitive damages against said Defendants, and each of them, in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendants, deter future conduct by

Complaint

24

said Defendants and others behaving like them, and to make an example of said Defendants.

109.    Plaintiff has been damaged in an amount not yet fully known, but within this court's jurisdiction and to be determined upon trial in the matters herein.

110.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants described above was done with oppression, fraud, and malice by said Defendants and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from said Defendants for acts as described in this cause of action in a sum to be determined at the time of trial.

**WHEREFORE, Plaintiff prays for relief as set forth below.**

1.  For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.  For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, loss of job security and all damages flowing therefrom;

3.  For all general and special damages to compensate Plaintiff for any medical expenses and suffering;

4.  For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

5.  For attorney's fees, costs, and expenses of said suit as provided in Government Code § 12965(b), Labor Code § 2699, Code of Civil Procedure § 1021.5; and/or any other applicable provision of law.

Complaint

25

6. For an order finding and declaring that Defendants' acts and practices as challenged herein are unlawful and unfair;

7. For an order, preliminary and permanent enjoining Defendants from engaging in the practices challenged herein;

8. For all interest as allowed by law;

9. For all costs and disbursements incurred in this suit;

10. For such other and further relief as the Court deems just and proper.

DATED: 4.7.11

GLOTZER & SWEAT, LLP

STEVEN M. SWEAT, Atty. for Plaintiff

Complaint

26

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET         Legal
                              Solutions
                              & Plus

Cal. Rules of Court, rules 2.30, 3.220,
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT 2

 Ru 1:15  9/26

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** US REMODELERS, INC., a business
*(AVISO AL DEMANDADO):* entity, form unknown; HOME DEPOT
USA, INC., a business entity form unknown

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
APR 1 4 2011
LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** VICTOR SANCHEZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>400 Civic Center Plaza<br>Pomona, CA 91766<br>East District | CASE ASSIGNED FOR<br>ALL PURPOSES TO<br>JUDGE ROBERT A. DUKES<br>DEPT R | CASE NUMBER:<br>*(Número del Caso):*<br>KC061013 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*           310-623-3771
Steven M. Sweat (SBN 181867)
Joshua W. Glotzer (SBN 178228)
GLOTZER & SWEAT, LLP
280 S. Beverly Drive, Suite 302, Beverly Hills, CA 90212   L. MASCORRO

DATE: APR 1 4 2011   JOHN A. CLARKE   Clerk, by _____, Deputy
*(Fecha)*                          *(Secretaria)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* US REMODELERS, INC., A BUSINESS ENTITY, FORM UNKNOWN

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* BUSINESS ENTITY, FORM UNKNOWN
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



1  Steven M. Sweat [State Bar No. 181867]
   Joshua W. Glotzer, Esq. [State Bar No. 178228]
2  GLOTZER & SWEAT, LLP
   280 S. Beverly Drive, Suite 302
3  BEVERLY HILLS, CA 90212
   TELEPHONE: (310) 623-3771
4  Attorneys for Plaintiff, VICTOR SANCHEZ

ORIGINAL FILED

APR 1 4 2011

LOS ANGELES
SUPERIOR COURT

5              SUPERIOR COURT OF CALIFORNIA

6                  COUNTY OF LOS ANGELES

7

8  VICTOR SANCHEZ, an individual,       )  Case No.: _____ KC061013
                                        )
9              Plaintiffs,              )  COMPLAINT FOR DAMAGES
                                        )    1. Discrimination under Government
10                                      )       Code § 12900, Et. Seq. (Physical
                                        )       Disability Discrimination)
11 vs.                                  )    2. Failure to Provide Reasonable
                                        )       Accommodation in Violation of
12                                      )       Government Code § 12940, Et. Seq.
                                        )    3. Failure to Engage in the Interactive
13 US REMODELERS, INC., a business entity, )     Process in Violation of Government
   form unknown; HOME DEPOT USA, INC., a )       Code § 12940, Et. Seq.
14 business entity, form unknown; and DOES 1- )  4. Failure to Take All Reasonable Steps
15 100, inclusive.                      )       to Prevent Retaliation and
                                        )       Discrimination From Occurring under
16             Defendants               )       Government Code § 12940(k)
                                        )    5. Retaliation in Violation of Government
17                                      )       Code § 12900, Et. Seq.
                                        )    6. Failure to Provide Medical Leave and
18                                      )       Discrimination under Government
                                        )       Code § 12900, Et. Seq. (California
19 _____ )       Family Rights Act)
20                                           7. Interference with Rights Under the
                                                California Family Rights Act
21                                           8. Retaliation for Taking Leave Under
                                                California Family Rights Act
22                                           9. Wrongful Termination in Violation of
                                                California Labor Code § 1102.5
23                                          10. Unfair Competition-Unfair and
24                                              Unlawful Business Practices in
                                                Violation of Business & Professions
25                                              Code § 17200, Et Seq.
26                                          11. Wrongful Termination in Violation of
                                                Public Policy
27                                          12. Intentional Infliction of Emotional
28                                              Distress

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT. R

Complaint

1

PLAINTIFF, VICTOR SANCHEZ, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff, Victor Sanchez (hereinafter "SANCHEZ" or "PLAINTIFF") was a resident of the County of Los Angeles, California.

2. At all times herein mentioned, Defendant US Remodelers, Inc. (hereinafter "US REMODELERS" or "DEFENDANT") is a business entity, form unknown, and was doing business in the County of Los Angeles, California.

3. At all times herein mentioned, Defendant Home Depot USA, Inc. (hereinafter "HOME DEPOT" or "DEFENDANT") is a business entity, form unknown, and was doing business in the County of Los Angeles, California.

4. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants factiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these factiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

5. Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, thereon alleges that at all times herein mentioned, each of the remaining co-Defendants, in doing the things hereinafter alleged, were acting within the course, scope and under the authority of their agency, employment, or representative capacity, with the consent of her/his co-Defendants.

6. On May 8, 2008, Plaintiff, SANCHEZ began working for Defendants HOME DEPOT and US REMODELERS as an installer.

7. On or about March 25, 2010, Plaintiff became a class member in a wage and hour class action lawsuit against Defendants HOME DEPOT and US REMODELERS.

8. On approximately August 28, 2010, the class action lawsuit was resolved with a settlement, wherein the Plaintiff received a monetary settlement.

9. Beginning on approximately March 25, 2010, Defendants reduced Plaintiff's workload, work hours, and work schedule. Additionally, Defendants assigned Plaintiff mostly unconfirmed jobs wherein Plaintiff was required to travel long distances.

10. On approximately November 15, 2010, Plaintiff suffered a back injury while working for Defendants HOME DEPOT and US REMODELERS.

11. On approximately November 16, 2010, Plaintiff sought medical treatment for his injury. A medical doctor instructed Plaintiff to take one week of medical leave, Plaintiff notified Defendants of his injury and asserted his right to medical leave to recuperate from his injury.

12. On approximately November 22, 2010, less than a week after Plaintiff asserted his right to medical leave, Defendants HOME DEPOT and US REMODELERS terminated Plaintiff from his employment.

13. On March 9, 2011, Plaintiff timely exhausted his administrative remedies under the California Fair Employment and Housing Act by filing a charge that Defendants discriminated against him and terminated his employment, and violated the California Family Rights Act because of his physical disability. On March 9, 2011, the Department

Complaint

3

of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter in respect to said Defendants.

## FIRST CAUSE OF ACTION

### PHYSICAL DISABILITY AND/OR MEDICAL CONDITION DISCRIMINATION

### (CALIFORNIA GOVERNMENT CODE SECTIONS 12900, ET.SEQ.)

### (as against all defendants)

14. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

15. This cause of action is based upon California Government Code section 12926(k) which defines physical disability as having any physiological disease, disorder, condition, cosmetic disfigurement, or anatomical loss that affects one or more of the following body systems: neurological, immunological, musculoskeletal, special sense organs, respiratory, including speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine, and the disability limits an individual's ability to participate in major life activities. This cause of action is also based upon California Government Code section 12940 for discriminating against Plaintiff on the basis of physical disability and/or medical condition and for failing to reasonably accommodate the Plaintiff's physical disability.

16. As alleged above, Plaintiff timely exhausted his administrative remedies under the California Fair Employment and Housing Act.

17. As alleged above, on approximately November 15, 2010, Plaintiff suffered a back injury while working for Defendants. On approximately November 16, 2010, Plaintiff informed

Defendants of the injury and provided Defendants a doctor's note, requiring approximately one week medical leave.

18. Plaintiff's back condition constitutes a physical disability and/or medical condition as defined above in California Government Code Section 12926(k).

19. Plaintiff brings this cause of action for physical disability and/or medical condition discrimination, a failure to accommodate such, and termination of employment because of such disability/medical condition.

20. Plaintiff alleges that he was discriminated against as follows: Defendants reduced his work assignments/hours and terminated Plaintiff because he suffered a back injury.

21. As a direct, foreseeable, and proximate result of the conduct complained of, the Plaintiff has suffered, and continues to suffer, loss of salary, benefits and bonuses plus expenses incurred in obtaining substitute employment and not being regularly employed, all to his damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

22. As a further direct and proximate result of said Defendants' unlawful discrimination, the Plaintiff has suffered, and continues to suffer, sleeplessness, depression, anxiety, and stress, in a sum within the jurisdiction of this court, to be ascertained according to proof.

23. The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendants engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating the Plaintiff for refusing to comply with their willful violations of the above referenced statutes entitle Plaintiff to punitive damages against said Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said

1    Defendants, deter them from engaging in such conduct again, and to make an example of

2    them to others.

3  24. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of

4    said Defendants, described above, was fraudulent, oppressive, and malicious and which

5    was performed by the plaintiff's supervisors and managers and whose conduct was

6    ratified by those other individuals who were managing agents of said Defendants. These

7    unlawful acts were further ratified by the Defendants employers and done with a

8    conscious disregard for the Plaintiff's rights and with the intent, design and purpose of

9    injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary

10   damages in a sum to be determined at the time of trial.

11 25. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as

12   allowed by California Government Code section 12965.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION (GOVERNMENT
## CODE § 12940 ET. SEQ.)

### (as against all defendants)

26. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth

herein.

27. The Fair Employment and Housing Act requires employers to provide reasonable

accommodations to employees with a disability. During all relevant time periods,

Plaintiff suffered and/or was regarded as suffering from a back injury, a physical and/or

mental disability as defined by Government Code Section 12926(i) and (k).

28. On or about November 16, 2010, Plaintiff informed Defendants that he suffered a back injury and needed one week medical leave to recover. On or about November 22, 2010, when Plaintiff attempted to return from his disability leave, Defendants failed to reasonably provide him a reasonable accommodation for his disability and/or medical condition by refusing to allow Plaintiff to return to work.

29. As a result of Defendants' failure to provide plaintiff with a reasonable accommodation, plaintiff has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

30. In acting as described herein, Defendants' acted with oppression, fraud and malice, in conscious disregard of Plaintiff's rights under applicable law. Plaintiff is entitled to and prays for punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

31. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (GOVERNMENT CODE § 12940 ET. SEQ.)

#### (as against all defendants)

32. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

33. The Fair Employment and Housing Act requires employers to engage in the interactive process with plaintiff when defendant was informed of plaintiff's back injury and that

Complaint

7

plaintiff required a reasonable accommodation. During all relevant time periods, Plaintiff suffered and/or was regarded as suffering from a back injury, a physical and/or mental disability as defined by Government Code Section 12926(i) and (k).

34. On or about November 16, 2010, Plaintiff informed Defendants that he suffered a back injury and needed one week medical leave to recover. On or about November 22, 2010, when Plaintiff attempted to return from his disability leave, Defendants failed to engage in a dialogue with the Plaintiff about any available reasonable accommodations Defendant could offer Plaintiff to enable him to perform the duties of the job.

35. As a result of Defendants' failure to engage in the interactive process, Plaintiff has suffered and will continue to suffer loss of income, loss of earning capacity, loss of employment benefits, mental and emotional distress, and other damages in an amount according to proof.

36. In acting as described herein, Defendants' acted with oppression, fraud and malice, in conscious disregard of Plaintiff's rights under applicable law. Plaintiff is entitled to and prays for punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set and example of Defendant.

37. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

///

///

///

///

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT RETALIATION AND DISCRIMINATION FROM OCCURRING (CALIFORNIA GOVERNMENT CODE SECTION 12940(k))

**(as against all defendants)**

38. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

39. Defendants knew that Plaintiff was a member in the wage class action lawsuit against Defendants. As described above, Plaintiff informed Defendants that he was injured and required medical leave. Thus, Defendants knew that Plaintiff was injured and required medical leave. As set forth herein, Defendants failed and refused to take all reasonable steps necessary to prevent Plaintiff from being retaliated against for exercising his legal rights to lawful wages stemming from his participation in the class action lawsuit and from being discriminated against for his physical disability.

40. Defendants' failure and refusal to take all appropriate steps, including, but not limited to, the imposition of effective policies against retaliation and discrimination, substantive and thorough effective training seminars about retaliation and discrimination for all of its employees, prompt and thorough investigations, prompt and appropriate disciplinary actions against transgressors, injured Plaintiff and constituted a violation of Government Code Section 12940(k).

41. As a legal and proximate result of Defendants' failure and refusal to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, and additional

amounts of money Plaintiff would have received but for being subjected to discrimination and retaliation and Defendants' failure to prevent such discrimination and retaliation. As a result of Defendants' conduct, inaction and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

42. As a further legal and proximate result of Defendants' failure and refusal to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, Plaintiff has been harmed in that Plaintiff has suffered, and continues to suffer, severe humiliation and degradation, mental anguish, and emotional distress. As a result of Defendants' conduct, inaction and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

43. The above-recited actions of Defendants were done with malice, fraud or oppression and in conscious, despicable and reckless disregard of Plaintiff's rights under FEHA. Specifically, Defendants engaged in a pattern of illegal behavior, including a refusal to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. In addition, Defendants' refusal and failure as alleged herein was willful and in conscious disregard of Plaintiff's rights and safety and was done in a cruel and unjust disregard of Plaintiff's rights. Plaintiff is entitled to and seeks punitive damages against each Defendant herein in an amount according to proof.

44. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

///

///

///

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CAL. GOVT. CODE §12900 ET. SEQ.

#### (as against all defendants)

45. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

46. The Defendants, and each of them, as alleged in this cause of action, retaliated against Plaintiff because he was a member of a wage and hour class action lawsuit against defendants and because Plaintiff exercised his right to medical leave. Defendant retaliated against Plaintiff for his membership in the class action lawsuit by reducing his workload his work hours, and his work schedule, thereby reducing Plaintiff's income. Defendant retaliated against Plaintiff for his exercise of his medical leave rights by terminating Plaintiff's employment.

47. By engaging in said conduct, as alleged herein, Defendants, and each them, have unlawfully retaliated against Plaintiff in violation of Government Code §§12900, et.seq., prohibiting harassment and retaliation as a consequence of an employee's act of opposing and protesting acts of illegal conduct. Plaintiff has timely filed her charge of retaliation with the California Department of Fair Employment and Housing and has received her Right to Sue notice permitting her to proceed with this cause of action.

48. Defendants and each of them have engaged in the conduct described above with the intent to cause, or with the reckless disregard of the probability of causing, Plaintiff to suffer emotional distress.

49. As a legal result of the Defendants wrongful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and mental distress, which has manifested itself ,among other ways, by depression, anxiety and insomnia, and loss of past and future income, all in an amount according to proof.

50. Defendants' conduct, as alleged in this cause of action, was oppressive, fraudulent and malicious toward. Plaintiff is entitled to exemplary and/ or punitive damages in amount sufficient to punish defendants and make an example of them.

51. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

## SIXTH CAUSE OF ACTION

### MEDICAL LEAVE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT (CALIFORNIA GOVERNMENT CODE SECTION 12945.2)

### (as against all defendants)

52. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

53. This cause of action is based upon California Government Code section 12945.2 for Defendants' discriminating against the Plaintiff, terminating Plaintiff, and refusing to grant the Plaintiff medical leave when Plaintiff sought to exercise Plaintiff's rights under said Act.

54. Plaintiff worked for the defendants at least 1,250 hours in the 12 months prior to his termination.

55. On March 9, 2011, Plaintiff timely exhausted his administrative remedies under the California Fair Employment and Housing Act by filing a charge that Defendants discriminated against him and terminated his employment, and violated the California Family Rights Act because of his physical disability. On March 9, 2011, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter in respect to said Defendants.

56. Plaintiff is informed and believes that Defendants violated California Government Code section 12945.2 by failing to grant Plaintiff medical leave, as required by said code as described herein.

57. Plaintiff is informed and believes that Defendants violated California Government Code section 12945.2 by reducing plaintiff's workload, work hours and work schedule and terminating Plaintiff for exercising his right to medical leave because Plaintiff took time off in order to recuperate from a back injury. Medical leave is not considered granted under Government Code section 12945.2 unless the employer provides the employee, upon the granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. Because defendants failed to provide plaintiff said guarantee, reduced plaintiff's workload, work hours, and work schedule and in fact terminated plaintiff because plaintiff requested and exercised his right to medical leave, defendants violated Government Code section 12945.2.

58. Plaintiff is informed and believes that Defendants would not have suffered grievous economic injury or damages by allowing Plaintiff to take his leave and keeping his position available to Plaintiff.

59. As a direct, foreseeable, and proximate result of the conduct complained of in this cause of action, Plaintiff has suffered, and continues to suffer severe emotional distress and substantial losses in salary, bonuses, and benefits, which the Plaintiff would have received from Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed, all to the Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

60. As a further direct and proximate result of the Defendants' unlawful discrimination and failures under this Act, Plaintiff has suffered, and continues to suffer stress and anxiety and symptoms related thereto in a sum within the jurisdiction of this court, to be ascertained according to proof.

61. The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts described herein by willfully violating those statutes enumerated herein and reducing Plaintiff's workload, work hours and work schedule and terminating the Plaintiff for exercising his right to take medical leave as prescribed by the above references statutes entitle Plaintiff to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently in amount to punish the Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

62. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of the Defendants, described above, was performed with oppression, fraud, and malice by the Plaintiff's supervisors and managers and were ratified by those other individuals who were managing agents of the Defendants' employers. These unlawful acts were further ratified by the Defendants' employers and done with a conscious disregard for the

Plaintiff's rights and with the intent, design, and purpose of injuring the Plaintiff. By reason thereof, the Plaintiff is entitled to punitive or exemplary damages against the Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

63. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

## SEVENTH CAUSE OF ACTION

### INTERFERENCE WITH RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT

### (as against all defendants)

64. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

65. California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for an employee's own serious health condition. At all times relevant to the instant action, Defendant is an "employer" for purposes of the CRFA because Defendant does business in California and employs 50 or more part-time or full-time people. At all times relevant to the instant action, Plaintiff was an "employee" for purposes of the CFRA because Plaintiff had more than 12 months of service with the employer and had worked more than 1,250 hours for defendant in the 12 month period before the leave began.

66. Plaintiff requested a protected leave under CFRA to care for his own serious health condition, his back injury. Defendants refused to grant Plaintiff's request for medical leave. Medical leave is not considered granted under Government Code section 12945.2

Complaint

15

unless the employer provides the employee, upon the granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave. Because defendants failed to provide plaintiff said guarantee, and in fact reduced plaintiff's workload, work hours, work schedule and terminated plaintiff because plaintiff exercised his right to medical leave, defendants violated Government Code section 12945.2.

67. As a proximate result of Defendants' conduct, Plaintiff has lost salary and other employment-related benefits.

68. As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to his damage in an amount unknown at this time, but according to proof at the time of trial.

69. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

70. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

///
///
///
///
///

## EIGHTH CAUSE OF ACTION

### RETALIATION FOR TAKING LEAVE UNDER CALIFORNIA FAMILY RIGHTS ACT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12945.2

#### (as against all defendants)

72. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

73. California Government Code § 12945.2, known as the California Family Rights Act ("CFRA") provides for twelve (12) workweeks of leave in a 12-month "leave year" to care for an employee's own serious health condition. At all times relevant to the instant action, Defendant is an "employer" for purposes of the CRFA because Defendant does business in California and employs 50 or more part-time or full-time people. At all times relevant to the instant action, Plaintiff was an "employee" for purposes of the CFRA because Plaintiff had more than 12 months of service with the employer and had worked more than 1,250 hours for defendant in the 12 month period before the leave began.

74. Defendant violated Government Code §12945.2 when it retaliated against Plaintiff for taking medical leave to recuperate from his back injury. Defendants retaliated against Plaintiff by reducing his workload and assigning him jobs that were unconfirmed and required long-distance driving and by later terminating his employment.

75. Defendants' conduct constitutes a violation of Government Code § 12945.2.

76. As a proximate result of Defendants' conduct, Plaintiff has lost salary, bonuses, benefits, and other employment related benefits.

77. As a further and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation, loss of self-esteem and anguish, all to his damage in an amount unknown at this time, but according to proof at the time of trial.

78. As a further proximate result of the aforementioned wrongful conduct, Plaintiff has had to employ the services of attorneys to pursue his legal rights, to his damage, in an amount unknown at this time but according to proof at the time of trial.

79. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and/or in conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of exemplary and punitive damages according to proof at trial.

80. Plaintiff also prays for reasonable costs and attorney fees against said Defendants, as allowed by California Government Code section 12965.

## NINTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF CALIFORNIA LABOR CODE

## § 1102.5

### (as against all defendants)

81. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

82. California Labor Code § 1102.5 prohibits employers from retaliating against employees for reporting illegal activities, refusing to participate in what Plaintiff reasonably believed to be an illegal activity, prohibits retaliation against such employees, and generally reflects the broad public policy interest in encouraging workplace whistle blowing.

83. At all times herein relevant there was an employer/employee relationship between Plaintiff and the Defendants.

84. During the course of his employment, on or about March 25, 2010, Plaintiff exercised his right to lawful wages by participating in a wage and hour class action lawsuit against Defendants because Plaintiff reasonably believed that Defendants were not in compliance with certain wage laws.

85. Defendants retaliated against Plaintiff by reducing his workload and assigning him to long-distance, unconfirmed job assignments. Defendants further retaliated against Plaintiff further by terminating his employment on or about November 22, 2010.

86. Defendants' actions were the cause and a substantial factor of causing Plaintiff harm and damage.

87. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits.

88. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer emotional distress, mental anguish, embarrassment, humiliation and anxiety all to his damage in an amount in excess of the minimum jurisdictional limits of this court. Plaintiff will seek leave of court to amend his complaint to allege the correct amount at the time of trial or according to proof at trial.

89. In doing the acts herein alleged, Defendants acted willfully and maliciously and in a conscious disregard of Plaintiff's civil rights, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294.

90. Plaintiff also seeks reasonable costs and attorney fees against said Defendants, as allowed by Labor Code § 2699.

### TENTH CAUSE OF ACTION

### UNFAIR COMPETITION – UNFAIR AND UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

#### (as against all defendants)

91. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

92. Business and Professions Code § 17200, et seq., the Unfair Competition Law ("UCL"), defines unfair competition to include, inter alia, any unfair or unlawful business act or practice. The UCL provides that a Court may enjoin acts of unfair competition, and order restitution to affected members of the public.

93. The business acts and practices of Defendant as hereinabove alleged constitute unfair and/or unlawful business practices in that, for the reasons set forth above, said acts and practices violate explicit provisions of the Government Code and the Labor Codes, Defendant has obtained a significant competitive advantage, as a result of its violation of such statutes and therefore, has engaged in unfair competition.

94. The unfair and unlawful business acts and practices of Defendant described herein present a continuing threat to members of the general public in that Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court. Plaintiff requests that such injunction be issued.

94. Plaintiff further requests an award of attorneys' fees, costs, and expenses incurred in the filing and prosecuting of this action, pursuant to Code of Civil Procedure § 1021.5.

## ELEVENTH CAUSE OF ACTION

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ESTABLISHED BY FEHA (GOVERNMENT CODE §§ 12900, 12940, 12945.2; LABOR CODE §§ 132(a), 1102.5; BUSINESS AND PROFESSIONS CODE §17200)**

**(as against all defendants)**

95. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

96. Under California law, no employee can be terminated for a reason that is in violation of a fundamental public policy, which may be supported by a constitutional or statutory provision that is concerned with a matter effecting society at large.

97. Plaintiff is informed, believes, and based thereon, alleges that Defendants terminated Plaintiff in violation of public policy by discriminating against Plaintiff because of his physical disability, medical condition and his exercise of his right to medical leave.

98. The conduct described in Plaintiff's general allegations violates the following statutes that effect society at large:

    a.   California Government Code section 12940 which prohibits the discrimination, termination, and retaliation of an employee on the basis of an employee's physical disability and/or medical condition

    b.   California Government Code section 12945.2 which prohibits the interference with employee rights under the Code and retaliation for taking leave under the Code.

c.  California Labor Code section 1102.5 which prohibits retaliating against an employee for reporting illegal activities, etc.

d.  California Labor Code section 132(a) which prohibits terminating an employee because he has filed or made known his intention to file a claim for compensation with his employer or an application for adjudication, or because the employee has received a rating, award, or settlement.

e.  California Business & Professions Code section 17200 which prohibits unfair and unlawful business practices.

f.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by terminating, retaliating, and discriminating against Plaintiff because of his physical disability.

99. Plaintiff alleges that said Defendants violated public policies, affecting society at large, by violating the statutes, as described in the above Paragraphs, by retaliating, discriminating against and terminating him based upon his physical disability, his exercise of the right to medical leave and exercise of the right to lawful wages.

100.    As a direct, foreseeable, and proximate result of the actions of said Defendants, Plaintiff has suffered and continues to suffer, severe emotional distress and substantial losses in salary and other employment benefits he would have received from said Defendants plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

101.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants engaged in those acts described in this cause of action by willfully violating those statutes enumerated in this cause of action and terminating the Plaintiff for exercising his right to take medical leave as prescribed by the above references statutes entitle Plaintiff to punitive damages against Defendants in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently in amount to punish the Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

102.     Plaintiff is informed, believes, and based thereon, alleges that outrageous conduct of said Defendants described above, in this cause of action, was done with oppression, fraud, and malice, by Plaintiff's supervisors. These unlawful acts were further ratified by Defendants and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.

103.     By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants for their acts as described in this cause of action in a sum to be determined at the time of trial.

## TWELFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (as against all defendants)

104.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

105.     Defendants intentionally and/or recklessly acted in an outrageous manner that they recklessly and/or intentionally knew would subject the Plaintiff to severe emotional distress by:

     a.  Harassing, discriminating, retaliating and terminating Plaintiff as described in the general allegations above, specifically: (1) physical disability/medical condition; (2) participating in wage and hour lawsuit; (3) exercise of right to medical leave.

106.     Defendants' conduct as alleged in this cause of action, directly and proximately resulted in the Plaintiff's suffering and continuing to suffer, distress, sleeplessness, stress, anxiety, and depression.

107.     As a direct, foreseeable, and proximate result of Defendants' actions, and each of their actions alleged in this cause of action, the Plaintiff has suffered and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits he would have received had said Defendants actions, and each of their actions, not caused him such emotional suffering and grief, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

108.     As a direct, foreseeable, and proximate result of said Defendants' actions, and each of their actions as alleged in this cause of action which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard the Plaintiff's rights by taking the actions allege din this cause of action, the Plaintiff prays for punitive damages against said Defendants, and each of them, in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendants, deter future conduct by

said Defendants and others behaving like them, and to make an example of said Defendants.

109.     Plaintiff has been damaged in an amount not yet fully known, but within this court's jurisdiction and to be determined upon trial in the matters herein.

110.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendants described above was done with oppression, fraud, and malice by said Defendants and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from said Defendants for acts as described in this cause of action in a sum to be determined at the time of trial.

**WHEREFORE, Plaintiff prays for relief as set forth below.**

1.  For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.  For special damages in an amount according to proof for Plaintiff's loss of past and future earnings, loss of benefits, loss of bonuses, loss of job security and all damages flowing therefrom;

3.  For all general and special damages to compensate Plaintiff for any medical expenses and suffering;

4.  For punitive damages, as allowed by law, that will sufficiently punish, make an example of, and deter future conduct by Defendants;

5.  For attorney's fees, costs, and expenses of said suit as provided in Government Code § 12965(b), Labor Code § 2699, Code of Civil Procedure § 1021.5; and/or any other applicable provision of law.

6. For an order finding and declaring that Defendants' acts and practices as challenged herein are unlawful and unfair;

7. For an order, preliminary and permanent enjoining Defendants from engaging in the practices challenged herein;

8. For all interest as allowed by law;

9. For all costs and disbursements incurred in this suit;

10. For such other and further relief as the Court deems just and proper.

DATED: 4·7·11

GLOTZER & SWEAT, LLP

_____
STEVEN M. SWEAT, Atty. For Plaintiff

Complaint

26

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE: SANCHEZ v. US REMODELERS | CASE NUMBER KC06101 |
|---|---|

| | FOR COURT USE ONLY |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: SANCHEZ v. US REMODELERS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: SANCHEZ v. US REMODELERS | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/11)

LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SANCHEZ v. US REMODELERS | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>345 Cloverleaf Drive |
|---|---|
| CITY:<br>Baldwin Park | STATE:<br>CA | ZIP CODE:<br>91706 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Pomona_ courthouse in the _East_ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _4·7·11_

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

---

**INFORMATION ABOUT**
**ALTERNATIVE DISPUTE RESOLUTION**

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leave control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:
Pomona 400 Civic Center Plaza, Rm. 106, Pomona, CA 91766

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
|  |  |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

# EXHIBIT 3

**General Information** Edit

| | |
|---|---|
| **Name**: | Victor Sanchez vs. US Remodelers, Inc. |
| **Current Phase**: | Workflow |
| **Practice Group**: | Employment Law Group |

**Other**:

| | |
|---|---|
| **Corporate Counsel Required?**: | Yes |
| **Case Setup Required?**: | Yes |

**Store Number**:

**Notice of Service of Process** Edit

| | |
|---|---|
| **Entity**: | Home Depot USA, Inc. |
| **Title of Action**: | Victor Sanchez vs. US Remodelers, Inc. |
| **Document(s) Type**: | Summons//Complaint |
| **Nature of Action**: | |
| **Court**: | Los Angeles County Superior Court |
| **Case Number**: | KC061013 R |
| **Jurisdiction Served**: | CA |
| **Date Served on CSC**: | 4/26/2011 |
| **Answer or Appearance Due**: | 30 |
| **Originally Served On**: | |
| **How Served**: | Personal Service |
| **Sender**: | |

**User Comments** Edit

**User Comments**:

**System Messages** Edit

| | |
|---|---|
| **Error creating matter? (TeamConnect Internal)**: | No |
| **System Comments (TeamConnect Internal)**: | |

**CSC** Edit

| | | | |
|---|---|---|---|
| **Name of the transaction**: | Victor Sanchez vs. US Remodelers, Inc. | **CSC unique transaction id**: | 8703862 |
| **Sequence Number**: | 229804 | **CSC internal document ID**: | 8857733 |
| **Date the service was received (CSC internal)**: | | | |

**SOP** Edit

| | | | |
|---|---|---|---|
| **Type of service**: | ALL | | |
| **Name of the client being served**: | Home Depot USA, Inc. | **Name of entity served as specified on SOP**: | Home Depot USA, Inc. |
| **Name of entity as stored in CSC**: | Home Depot U.S.A., Inc. | **Name of entity on record as stored in CSC**: | Home Depot U.S.A., Inc. |
| **Entity Contact**: | | **Entity ID (LMS)**: | 4474784 |
| **Name of client group being served**: | The Home Depot, Inc. | **Client Group Contact**: | |
| **Client group ID (LMS)**: | 4414356 | **CSC internal id for the client organization**: | 4414356 |
| **SOP originally served on**: | CSC | **SOP originally served on (if Other)**: | |
| **Type of SOP document**: | SUMMONSCOM | **Type of SOP document (LMS)**: | Summons//Complaint |
| **Is SOP a default motion?**: | N | **Is SOP a pre-injunction?**: | N |
| **Is SOP a stop work order?**: | N | **Is SOP a temporary restraining order?**: | N |
| **Category of service (LMS)**: | Discrimination | **Nature of case, if 'Other' (LMS)**: | |
| **Jurisdiction in which the service was filed**: | 0 | **Method in which the SOP was served**: | Personal Service |
| **State in which SOP was filed**: | | **State in which service was made**: | CA |
| **State in which service was received (LMS)**: | CA | **State in which service was made (LMS)**: | CA |
| **Country in which** | | **Country in which** | |

Case 2:11-cv-04522-PSG -AJW Document 1 Filed 05/25/11 Page 81 of 113 Page ID #:95

Service Of Process - CSC - ~~~or Sanchez vs. US Remodelers, Inc. - T~~nConnect 3.1 S... Page 3 of 5

| | | | |
|---|---|---|---|
| **matter was filed**: | USA | **matter was served**: | USA |

### Key Dates  Edit

| | | | |
|---|---|---|---|
| **Type of answer due (answerDays, answerDate, other)**: | ANSWERDAYS | **When the answer is due**: | 30 |
| **Answer due date**: | 5/26/2011 | **Date on which the answer is due (LMS)**: | |
| **Date served (CSC internal)**: | 4/26/2011 | **The date in which the SOP was served**: | 4/26/2011 |
| **Date & time the SOP was created in LMS**: | 4/26/2011 | | |

### Document Info  Edit

| | | | |
|---|---|---|---|
| **Name of the document**: | Summons/Complaint | **Type of document (Court / Non-court)**: | 1 |
| **Description of the document**: | | **Notes from processor**: | |
| **How the originals were handled (Electronic / HardC**: | EL | **Source of document**: | SOP |

### Delivery Info  Edit

| | | | |
|---|---|---|---|
| **Tracking number of the SOP package**: | | | |
| **Attachment to the SOP?**: | N | **CSC internal status of attachment in LMS system**: | 0 |
| **Description of the attachment**: | | | |

### Sender Info  Edit

| | | | |
|---|---|---|---|
| **SOP sender**: | | | |
| **SOP sender name**: | Steven M. Sweat | **SOP sender phone number**: | 310-623-3771 |
| **Sender Contact**: | | | |
| **Name of sender (if document is non-court)**: | Steven M. Sweat | **Phone number of sender (if document is non-court)**: | 310-623-3771 |

### Court Info  Edit

| | | | |
|---|---|---|---|
| **Matter docket number**: | KC061013 R | **CSC internal unique identifier for the court**: | 928 |
| **Name of the court**: | Los Angeles County Superior Court | **Court Contact**: | |
| **Level of the court (state, federal, all)**: | ALL | | |

**Case Info**  Edit

| | | | |
|---|---|---|---|
| **Name of plaintiff**: | Victor Sanchez | **Plaintiff Contact**: | |
| **Name of the defendant**: | US Remodelers, Inc. | **Defendant Contact**: | |

**Relations**  Edit

| Project | Relation | Project |
|---|---|---|
| No relations available. | | |

**Create Related Matter**  Edit

New Employment Litigation Matter
New Int'l Litigation - Canada Wizard
New Int'l Litigation - Mexico Wizard
New 3rd Party Subpoenas/Atty. File Request
New CL 3rd Party Subpoenas/Atty. File Request

New Employment Claims Matter
EEO Charges - Legal
EEO Charges - HR
EEO Charges - Investigation Letters

**Assignees**  Edit

| Status | Assignee | Role | Assigned On | Unassigned On |
|---|---|---|---|---|
| No assignees available. | | | | |

**Active Requests**

| | Request Name | Requestor | Request Date | Expiration Date | Status |
|---|---|---|---|---|---|
| ⬇ | Phase Change from Workflow to Accepted | Malcolm, Quinessa | 4/27/2011 | 5/2/2011 | Pending |

**Approval Schedule**

| Stop | Performer | Status | Action Date | Expiration Date | Internal Comment |
|---|---|---|---|---|---|
| 1 | McDearis, Linda | Pending | | 5/2/2011 3:45 PM | |

**Approval History**

| Stop | Performer | Activity | Date/Time | Internal Comment |
|---|---|---|---|---|
| Nothing found to display. | | | | |

**Completed Requests**

| Item | Request Name | Requestor | Request Date | Completion Date | Comment | Outcome |
|---|---|---|---|---|---|---|
| | | No records available. | | | | |

**Phases**

| Set On | Phase | Set By | Duration |
|--------|-------|--------|----------|
| 04/27/2011 | Intake | SECURED | 0 d 13 h 42 m |
| 04/27/2011 | Workflow | Malcolm, Quinessa | 0 d 0 h 0 m |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** US REMODELERS, INC., a business
*(AVISO AL DEMANDADO):* entity, form unknown; HOME DEPOT
USA, INC., a business entity form unknown

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED
APR 1 4 2011
LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** VICTOR SANCHEZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
400 Civic Center Plaza
Pomona, CA 91766
East District

**CASE ASSIGNED FOR ALL PURPOSES TO JUDGE ROBERT A. DUKES DEPT R**

CASE NUMBER:
*(Número del Caso):* KC061011

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven M. Sweat (SBN 181867)                            310-623-3771
Joshua W. Glotzer (SBN 178228)
GLOTZER & SWEAT, LLP
280 S. Beverly Drive, Suite 302, Beverly Hills, CA 90212   L. MASCORRO

DATE: APR 1 4 2011    JOHN A. CLARKE    Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* A BUSINESS ENTITY FORM (UNKNOWN) HOME DEPOT USA, INC.,

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* BUSINESS ENTITY, FORM (UNKNOWN)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 4

1  CRAIG G. STAUB, Bar No. 172857
   LITTLER MENDELSON
2  A Professional Corporation
   2049 Century Park East
3  5th Floor
   Los Angeles, CA 90067.3107
4  Telephone:    310.553.0308
   Fax No.:      310.553.5583
5
   Attorneys for Defendants
6  U.S. REMODELERS, INC. dba U.S. HOME
   SERVICES AND HOME DEPOT U.S.A., INC.
7

ORIGINAL FILED

MAY 24 2011

LOS ANGELES
SUPERIOR COURT

8              SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF LOS ANGELES    EAST DISTRICT (POMONA)

10  VICTOR SANCHEZ,                    Case No. KC061013R

11          Plaintiff,                 ASSIGNED FOR ALL PURPOSES TO
                                       JUDGE ROBERT A. DUKES, DEPT. R
12      v.
                                       ANSWER OF DEFENDANT U.S.
13  US REMODELERS, INC., a business    REMODELERS, INC. dba U.S. HOME
    entity, form unknown; HOME DEPOT   SERVICES TO PLAINTIFF'S
14  USA, INC., a business entity, form COMPLAINT
    unknown; and DOESES 1-100, inclusive,
15                                     Complaint Filed:   April 14, 2011
            Defendants.
16

17

18      Answering Plaintiff Victor Sanchez's ("Plaintiff") Complaint ("Complaint"), Defendant U.S.

19  REMODELERS, INC. dba U.S. HOME SERVICES ("Defendant") responds as follows:

20                        **GENERAL DENIAL**

21      Defendant generally and specially denies each and every allegation of the Complaint, and the

22  whole thereof, pursuant to section 431.30 of the California Code of Civil Procedure.  Defendant

23  further denies that Plaintiff has been damaged in any sum, or at all.

24                       **AFFIRMATIVE DEFENSES**

25      Defendant further asserts the following affirmative defenses.  By asserting the defenses,

26  Defendant does not concede that it has the burden of proof as to any affirmative defense asserted

27  below.  Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient

28  to state all affirmative defenses at this time.  Defendant will seek leave of this Court to amend this

Firmwide:101807280.1 058012.1000                1.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

1  answer should it later discover facts demonstrating the existence of additional affirmative defenses.

2  ### SEPARATE AND AFFIRMATIVE DEFENSE

3  1.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

4  and each cause of action therein, fails to state facts sufficient to constitute any cause of action against

5  Defendant.

6  ### SEPARATE AND AFFIRMATIVE DEFENSE

7  2.   As a separate and distinct affirmative defense, Defendant is informed and believes

8  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

9  that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

10  the doctrine of consent and/or waiver.

11  ### SEPARATE AND AFFIRMATIVE DEFENSE

12  3.   As a separate and distinct affirmative defense, Defendant is informed and believes

13  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

14  that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

15  the doctrine of estoppel.

16  ### SEPARATE AND AFFIRMATIVE DEFENSE

17  4.   As a separate and distinct affirmative defense, Defendant is informed and believes

18  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

19  that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

20  the doctrine of laches.

21  ### SEPARATE AND AFFIRMATIVE DEFENSE

22  5.   As a separate and distinct affirmative defense, Defendant is informed and believes

23  that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

24  that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by

25  the doctrine of unclean hands.

26  ### SEPARATE AND AFFIRMATIVE DEFENSE

27  6.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

28  claims are barred, in whole or in part, because Plaintiff has failed to timely invoke and/or fully

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

Firmwide:101807280.1 058012.1000

2.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

exhaust his administrative remedies under the California Fair Employment and Housing Act, California Government Code section 12920, *et seq.*, and/or under Title VII of the federal Civil Rights Act, 42 U.S.C. section 2000, *et seq.*, or to the extent his claims exceed the scope of any administrative claims which may has been filed by him with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### SEPARATE AND AFFIRMATIVE DEFENSE

7.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims cannot be maintained and/or are barred as Plaintiff never complained or provided notice to Defendant that he had a disability and/or needed leave or accommodation, that he was discriminated against and/or was being treated differently because of his alleged disability within the meaning of the California Fair Employment and Housing Act.

### SEPARATE AND AFFIRMATIVE DEFENSE

8.    As a separate and distinct affirmative defense, Plaintiff's claims are barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered above and beyond what Defendant was reasonably able to provide would have caused Defendant an undue hardship.

### SEPARATE AND AFFIRMATIVE DEFENSE

9.    As a separate and distinct affirmative defense, Plaintiff's claims are barred to the extent that Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's former position and/or to perform these duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

### SEPARATE AND AFFIRMATIVE DEFENSE

10.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each purported cause of action therein, or some of them, cannot be maintained against Defendant because, assuming *arguendo*, Plaintiff had engaged in a protected activity, any employment decision made by Defendant involving Plaintiff, would have been the same regardless of that protected activity.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

Firmwide:101807280.1 058012.1000

3.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

**SEPARATE AND AFFIRMATIVE DEFENSE**

11.     As a separate and distinct affirmative defense, Defendant alleges that the conduct towards Plaintiff by Defendant and/or its representatives was undertaken by reason of business necessity and/or for lawful business reasons.

**SEPARATE AND AFFIRMATIVE DEFENSE**

12.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment.

**SEPARATE AND AFFIRMATIVE DEFENSE**

13.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery may reveal, and on that basis alleges, that to the extent that during the course of this litigation it acquire any evidence of additional wrongdoing by Plaintiff, which wrongdoing would has materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce such claim as provided by law.

**SEPARATE AND AFFIRMATIVE DEFENSE**

14.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by his own breaches of duties owed to Defendant under Labor Code section 2854 and/or sections 2856 to 2859.

**SEPARATE AND AFFIRMATIVE DEFENSE**

15.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant insofar as each purported cause of action set forth therein is barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure sections 338(a) and 343 and/or California Government Code sections 12960 and 12965(b).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

Firmwide:101807280.1 058012.1000

4.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

## SEPARATE AND AFFIRMATIVE DEFENSE

16.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.,* and Section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of his employment; and (3) Plaintiff alleges that the injuries were caused by his employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

## SEPARATE AND AFFIRMATIVE DEFENSE

17.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any emotional distress, which Defendant denies, Plaintiff contributed to his own distress and, by reason of his contribution, any remedy to which he might be entitled must be denied or reduced accordingly.

## SEPARATE AND AFFIRMATIVE DEFENSE

18.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any damages, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages is several and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.  In the event of such apportionment, Defendant are entitled to separate judgments for damages in direct proportion to its percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault, with such percentage determined by the comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or unknown.  To assess any greater percentage of fault and damages than its own against Defendant would constitute a denial of equal protection of the law and due process, which is guaranteed by the United States Constitution.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:101807280.1 058012.1000

5.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

**SEPARATE AND AFFIRMATIVE DEFENSE**

19.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered damages, which Defendant denies, such damages were proximately caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on Defendant's behalf, or either of these.

**SEPARATE AND AFFIRMATIVE DEFENSE**

20.    As a separate and distinct affirmative defense, Defendant alleges on the belief that further discovery may disclose facts supporting such defense, that any recovery to which Plaintiff might be entitled (and Defendant does not admit that Plaintiff is entitled to any recovery) must be reduced by reason of Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate his damages.

**SEPARATE AND AFFIRMATIVE DEFENSE**

21.    As a separate and distinct affirmative defense, Defendant alleges, on its belief that further discovery may disclose facts supporting such defense, that the Complaint and each cause of action set forth therein cannot be maintained against it because, to the extent any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant, and/or Defendant did not know, nor should it have known, of such conduct.

**SEPARATE AND AFFIRMATIVE DEFENSE**

22.    As a separate and distinct affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred because, without admitting that it engaged in any of the acts alleged, Plaintiff was an at-will employee and therefore could be terminated with or without cause at any time for any reason pursuant to California Labor Code section 2922.

**SEPARATE AND AFFIRMATIVE DEFENSE**

23.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the Complaint and each cause of action set forth therein fails to plead facts sufficient to support the recovery of punitive damages under California Civil Code section 3294.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:101807280.1 058012.1000                                6.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

## SEPARATE AND AFFIRMATIVE DEFENSE

24.     As a separate and distinct affirmative defense, Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## SEPARATE AND AFFIRMATIVE DEFENSE

25.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, cannot be maintained and/or recovery had upon it, if any, should be reduced to the extent that Plaintiff has failed to exhaust his internal remedies, as required by Defendant' employment policies distributed to Plaintiff during his employment.

## SEPARATE AND AFFIRMATIVE DEFENSE

26.     As a separate and distinct affirmative defense, the Complaint and each cause of action set forth is barred, in whole or in part, by the doctrine of avoidable consequences because (a) Defendant maintained an anti-discrimination policy and/or an anti-harassment policy and/or open door policies with a complaint procedure; and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise. *State Dept. of Health Servs. v. Super. Ct. (McGinnis)*, 31 Cal. 4th 1026 (2003).

## SEPARATE AND AFFIRMATIVE DEFENSE

27.     As a separate and distinct affirmative defense, Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed, satisfied, or discharged.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

Firmwide:101807280.1 058012.1000                7.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

1

## SEPARATE AND AFFIRMATIVE DEFENSE

2      28.    As a separate and distinct affirmative defense, Plaintiff's Complaint and each

3   purported cause of action therein, or some of them, cannot be maintained against Defendant because,

4   if any unlawful discriminatory, harassing, or retaliatory motive existed in connection with any

5   employment decision involving Plaintiff, which Defendant denies, any and all claims are

6   nevertheless barred because such employment decision would have been the same without such

7   unlawful motive.

8

## SEPARATE AND AFFIRMATIVE DEFENSE

9      29.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

10   Complaint, and each cause of action set forth therein, cannot be maintained because, without

11   admitting that it engaged in any of the acts alleged, Defendant alleges that any conduct and/or

12   statements attributed to Defendant or its employees by Plaintiff were justified, made in good faith,

13   for legitimate non-discriminatory, non-harassing, and non-retaliatory reasons, were protected by the

14   managerial privilege and/or were privileged pursuant to California law including, but not limited to,

15   California Civil Code sections 47(b)(2) and 47(c).

16

## SEPARATE AND AFFIRMATIVE DEFENSE

17      30.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

18   and each cause of action set forth therein cannot be maintained because Defendant acted reasonably

19   and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant

20   at the time it acted.

21

## SEPARATE AND AFFIRMATIVE DEFENSE

22      31.    As a separate and distinct affirmative defense, Defendant alleges, without admitting

23   that Defendant engaged in any of the acts or omissions attributed to it in the Complaint, any such

24   acts or omissions were undertaken by reason of business necessity and/or for lawful business reasons

25   and/or for legitimate business purposes which were necessary to the efficient operation of the

26   business.

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles  CA  90067 3107
310 553 0308

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

1

**SEPARATE AND AFFIRMATIVE DEFENSE**

2       32.   As a separate and distinct affirmative defense to the Complaint, Defendant alleges
3   that the Complaint and each cause of action set forth therein cannot be maintained against Defendant
4   because, at all relevant times, Defendant took prompt and appropriate corrective action in response
5   to Plaintiff's concerns, if any, thereby satisfying all legal obligations Defendant had to Plaintiff.

6

**SEPARATE AND AFFIRMATIVE DEFENSE**

7       33.   As a separate and distinct affirmative defense, Defendant alleges that its conduct
8   towards Plaintiff was fully justified based upon its judgment of differences in individual
9   performance, qualifications, skill, effort, responsibility, merit or other bona fide occupational
10  qualifications.

11

**SEPARATE AND AFFIRMATIVE DEFENSE**

12      34.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint
13  and each cause of action set forth therein cannot be maintained as Plaintiff's Complaint fails to state
14  facts sufficient to state a claim for general and/or compensatory damages, including, but not limited
15  to loss of wages and other economic damages.

16

**SEPARATE AND AFFIRMATIVE DEFENSE**

17      35.   As a separate and distinct affirmative defense to the Complaint and the causes of
18  action set forth therein, Defendant alleges that insofar as Plaintiff asserts a claim for lost benefits,
19  and such a claim relates to a plan maintained by Defendant that is an employee welfare benefit plan
20  as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*,
21  any claim for such damages is preempted by ERISA.

22

**SEPARATE AND AFFIRMATIVE DEFENSE**

23      36.   As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has
24  suffered any emotional distress, which Defendant denies, such emotional distress was proximately
25  caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on
26  Defendant' behalf, or either of these.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:101807280.1 058012.1000

9.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

**SEPARATE AND AFFIRMATIVE DEFENSE**

37.    As a separate and distinct affirmative defense, Defendant alleges that California's system of emotional distress damages is unconstitutional under *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

**SEPARATE AND AFFIRMATIVE DEFENSE**

38.    As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other monies that Plaintiff has received or will receive, whether through employment, disability insurance, unemployment insurance, workers' compensation or otherwise.

**SEPARATE AND AFFIRMATIVE DEFENSE**

39.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot recover special damages, as any such damages are barred for failure to alleges them with specificity.

**SEPARATE AND AFFIRMATIVE DEFENSE**

40.    As a separate and distinct affirmative defense, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges that Plaintiff's claims are unreasonable, and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

**SEPARATE AND AFFIRMATIVE DEFENSE**

41.    As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that some or all of Plaintiff's claims are barred because, without admitting that it engaged in any of the acts alleged, to the extent any allegations or causes of action alleged in the Complaint rely upon any verbal or non-verbal speech or expression, such allegations or causes of action are barred by the protections of free speech and expression contained in Article I, Section 2 of the Constitution of the State of California and the First Amendment of the United States Constitution.

WHEREFORE, Defendant prays that:

1.    Plaintiff's Complaint be dismissed in its entirety with prejudice and Plaintiff take nothing by way of his Complaint;

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

2.   Defendant be awarded judgment in its favor and against Plaintiff;

3.   Defendant recover its costs of suit and attorneys' fees incurred herein; and

4.   The Court grant Defendant such other and further relief as it deems just and proper.

Dated: May 24, 2011

CRAIG G. STAUB
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
U.S. REMODELERS, INC. dba U.S. HOME
SERVICES; HOME DEPOT U.S.A., INC.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:101807280.1 058012.1000          11.

ANSWER OF U.S. REMODELERS, INC. dba U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

        I am a resident of the State of California, over the age of eighteen years, and not a

party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles,

California  90067.3107. On May 24, 2011, I served the within document(s):

        **ANSWER OF DEFENDANT U.S. REMODELERS, INC. DBA**
        **U.S. HOME SERVICES TO PLAINTIFF'S COMPLAINT**

☒        by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage
        thereon fully prepaid for deposit in the United States mail at Los Angeles,
        California addressed as set forth below.

Steven M. Sweat, Esq.
Joshua W. Glotzer, Esq.
GLOTZER & SWEAT, LLP
280 S. Beverly Drive, Suite 302
Beverly Hills, CA 90212
T: (310) 623-3771
*Attorney for Plaintiff*

        I am readily familiar with the firm's practice of collection and processing

correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

thereon fully prepaid in the ordinary course of business.

        I declare under penalty of perjury under the laws of the State of California that the

above is true and correct. Executed on May 24, 2011, at Los Angeles, California.

_____
                                    Jonna Newcomb-Carter

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:101387860.1 058012.1000

PROOF OF SERVICE

# EXHIBIT 5

COPY

CRAIG G. STAUB, Bar No. 172857
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone:    310.553.0308
Fax No.:        310.553.5583

Attorneys for Defendants
U.S. REMODELERS, INC. dba U.S. HOME
SERVICES; HOME DEPOT U.S.A., INC.

ORIGINAL FILED

MAY 2 4 2011

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES – EAST DISTRICT (POMONA)

VICTOR SANCHEZ,

Plaintiff,

v.

US REMODELERS, INC., a business
entity, form unknown; HOME DEPOT
USA, INC., a business entity, form
unknown; and DOESES 1-100, inclusive,

Defendants.

Case No.  KC061013R

ASSIGNED FOR ALL PURPOSES TO
JUDGE ROBERT A. DUKES, DEPT. R

**ANSWER OF DEFENDANT HOME
DEPOT U.S.A., INC. TO COMPLAINT**

Complaint Filed:    April 14, 2011

Answering Plaintiff Victor Sanchez's ("Plaintiff") Complaint ("Complaint"), Defendant HOME DEPOT U.S.A., INC. ("Defendant") responds as follows:

## GENERAL DENIAL

Defendant generally and specially denies each and every allegation of the Complaint, and the whole thereof, pursuant to section 431.30 of the California Code of Civil Procedure.  Defendant further denies that Plaintiff has been damaged in any sum, or at all.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses.  By asserting these defenses, Defendant does not concede that it has the burden of proof as to any affirmative defense asserted below.  Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time.  Defendant will seek leave of this Court to amend this

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:101762404.1 058012.1000

1.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## SEPARATE AND AFFIRMATIVE DEFENSE

1.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant because at all relevant times Plaintiff was an employee of U.S. Remodeler's Inc. dba U.S. Home Services and Plaintiff has never been employed by Defendant Home Depot U.S.A., Inc.

## SEPARATE AND AFFIRMATIVE DEFENSE

2.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SEPARATE AND AFFIRMATIVE DEFENSE

3.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of consent and/or waiver.

## SEPARATE AND AFFIRMATIVE DEFENSE

4.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

## SEPARATE AND AFFIRMATIVE DEFENSE

5.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

## SEPARATE AND AFFIRMATIVE DEFENSE

6.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:101762404.1 058012.1000                    2.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

## SEPARATE AND AFFIRMATIVE DEFENSE

7.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to timely invoke and/or fully exhaust his administrative remedies under the California Fair Employment and Housing Act, California Government Code section 12920, *et seq.*, and/or under Title VII of the federal Civil Rights Act, 42 U.S.C. section 2000, *et seq.*, or to the extent his claims exceed the scope of any administrative claims which may has been filed by him with the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

## SEPARATE AND AFFIRMATIVE DEFENSE

8.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims cannot be maintained and/or are barred as Plaintiff never complained or provided notice to Defendant that he had a disability and was discriminated against and/or was being treated differently because of his alleged disability within the meaning of the California Fair Employment and Housing Act.

## SEPARATE AND AFFIRMATIVE DEFENSE

9.     As a separate and distinct affirmative defense, Plaintiff's claims are barred because any alleged accommodations that Plaintiff purportedly sought or now claims should have been offered above and beyond what Defendant was reasonably able to provide would have caused Defendant an undue hardship.

## SEPARATE AND AFFIRMATIVE DEFENSE

10.     As a separate and distinct affirmative defense, Plaintiff's claims are barred to the extent that Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's former position and/or to perform these duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

## SEPARATE AND AFFIRMATIVE DEFENSE

11.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:101762404.1 058012.1000

3.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

and each purported cause of action therein, or some of them, cannot be maintained against Defendant because, assuming *arguendo*, Plaintiff had engaged in a protected activity, any employment decision made by Defendant involving Plaintiff, would have been the same regardless of that protected activity.

## SEPARATE AND AFFIRMATIVE DEFENSE

12.    As a separate and distinct affirmative defense, Defendant alleges that the conduct towards Plaintiff by Defendant and/or its representatives was undertaken by reason of business necessity and/or for lawful business reasons.

## SEPARATE AND AFFIRMATIVE DEFENSE

13.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment.

## SEPARATE AND AFFIRMATIVE DEFENSE

14.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery may reveal, and on that basis alleges, that to the extent that during the course of this litigation it acquire any evidence of additional wrongdoing by Plaintiff, which wrongdoing would has materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce such claim as provided by law.

## SEPARATE AND AFFIRMATIVE DEFENSE

15.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by his own breaches of duties owed to Defendant under Labor Code section 2854 and/or sections 2856 to 2859.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

Firmwide:101762404.1 058012.1000          4.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEPARATE AND AFFIRMATIVE DEFENSE

16.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant insofar as each purported cause of action set forth therein is barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, California Code of Civil Procedure sections 338(a) and 343 and/or California Government Code sections 12960 and 12965(b).

## SEPARATE AND AFFIRMATIVE DEFENSE

17.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.,* and Section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of his employment; and (3) Plaintiff alleges that the injuries were caused by his employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

## SEPARATE AND AFFIRMATIVE DEFENSE

18.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any emotional distress, which Defendant denies, Plaintiff contributed to his own distress and, by reason of his contribution, any remedy to which he might be entitled must be denied or reduced accordingly.

## SEPARATE AND AFFIRMATIVE DEFENSE

19.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff suffered any damages, such damages were proximately or legally caused by the breach of duties and/or misconduct of Plaintiff and/or parties other than Defendant and, accordingly, any award of damages is several and must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff, other parties and/or unauthorized individuals.  In the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:101762404.1 058012.1000

5.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

event of such apportionment, Defendant are entitled to separate judgments for damages in direct proportion to its percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault, with such percentage determined by the comparative fault of all parties, non-parties and/or unauthorized individuals to this action, known or unknown. To assess any greater percentage of fault and damages than its own against Defendant would constitute a denial of equal protection of the law and due process, which is guaranteed by the United States Constitution.

## SEPARATE AND AFFIRMATIVE DEFENSE

20.    As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered damages, which Defendant denies, such damages were proximately caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on Defendant's behalf, or either of these.

## SEPARATE AND AFFIRMATIVE DEFENSE

21.    As a separate and distinct affirmative defense, Defendant alleges on the belief that further discovery may disclose facts supporting such defense, that any recovery to which Plaintiff might be entitled (and Defendant does not admit that Plaintiff is entitled to any recovery) must be reduced by reason of Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate his damages.

## SEPARATE AND AFFIRMATIVE DEFENSE

22.    As a separate and distinct affirmative defense, Defendant alleges, on its belief that further discovery may disclose facts supporting such defense, that the Complaint and each cause of action set forth therein cannot be maintained against it because, to the extent any employee engaged in any unlawful conduct, such conduct was committed outside the course and scope of such employee's employment, was not authorized, adopted or ratified by Defendant, and/or Defendant did not know, nor should it have known, of such conduct.

## SEPARATE AND AFFIRMATIVE DEFENSE

23.    As a separate and distinct affirmative defense, Defendant alleges that some or all of Plaintiff's claims are barred because, without admitting that it engaged in any of the acts alleged,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:101762404.1 058012.1000

6.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff was an at-will employee and therefore could be terminated with or without cause at any time for any reason pursuant to California Labor Code section 2922.

## SEPARATE AND AFFIRMATIVE DEFENSE

24.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the Complaint and each cause of action set forth therein fails to plead facts sufficient to support the recovery of punitive damages under California Civil Code section 3294.

## SEPARATE AND AFFIRMATIVE DEFENSE

25.    As a separate and distinct affirmative defense, Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to Defendant in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## SEPARATE AND AFFIRMATIVE DEFENSE

26.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action set forth therein, cannot be maintained and/or recovery had upon it, if any, should be reduced to the extent that Plaintiff has failed to exhaust his internal remedies, as required by Defendant' employment policies distributed to Plaintiff during his employment.

## SEPARATE AND AFFIRMATIVE DEFENSE

27.    As a separate and distinct affirmative defense, the Complaint and each cause of action set forth is barred, in whole or in part, by the doctrine of avoidable consequences because (a) Defendant maintained an anti-discrimination policy and/or an anti-harassment policy and/or open door policies with a complaint procedure; and (b) Plaintiff unreasonably failed to take advantage of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:101762404.1 058012.1000                    7.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise. *State Dept. of Health Servs. v. Super. Ct. (McGinnis)*, 31 Cal. 4th 1026 (2003).

## SEPARATE AND AFFIRMATIVE DEFENSE

28.     As a separate and distinct affirmative defense, Defendant alleges, without admitting to the existence of any duties or obligations as alleged in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is owed by Defendant has been fully performed, satisfied, or discharged.

## SEPARATE AND AFFIRMATIVE DEFENSE

29.     As a separate and distinct affirmative defense, Plaintiff's Complaint and each purported cause of action therein, or some of them, cannot be maintained against Defendant because, if any unlawful discriminatory, harassing, or retaliatory motive existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims are nevertheless barred because such employment decision would have been the same without such unlawful motive.

## SEPARATE AND AFFIRMATIVE DEFENSE

30.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action set forth therein, cannot be maintained because, without admitting that it engaged in any of the acts alleged, Defendant alleges that any conduct and/or statements attributed to Defendant or its employees by Plaintiff were justified, made in good faith, for legitimate non-discriminatory, non-harassing, and non-retaliatory reasons, were protected by the managerial privilege and/or were privileged pursuant to California law including, but not limited to, California Civil Code sections 47(b)(2) and 47(c).

## SEPARATE AND AFFIRMATIVE DEFENSE

31.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles CA  90067 3107
310 553 0308

Firmwide:101762404.1 058012.1000

8.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEPARATE AND AFFIRMATIVE DEFENSE

32.     As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions attributed to it in the Complaint, any such acts or omissions were undertaken by reason of business necessity and/or for lawful business reasons and/or for legitimate business purposes which were necessary to the efficient operation of the business.

## SEPARATE AND AFFIRMATIVE DEFENSE

33.     As a separate and distinct affirmative defense to the Complaint, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because, at all relevant times, Defendant took prompt and appropriate corrective action in response to Plaintiff's concerns, if any, thereby satisfying all legal obligations Defendant had to Plaintiff.

## SEPARATE AND AFFIRMATIVE DEFENSE

34.     As a separate and distinct affirmative defense, Defendant alleges that its conduct towards Plaintiff was fully justified based upon its judgment of differences in individual performance, qualifications, skill, effort, responsibility, merit or other bona fide occupational qualifications.

## SEPARATE AND AFFIRMATIVE DEFENSE

35.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained as Plaintiff's Complaint fails to state facts sufficient to state a claim for general and/or compensatory damages, including, but not limited to loss of wages and other economic damages.

## SEPARATE AND AFFIRMATIVE DEFENSE

36.     As a separate and distinct affirmative defense to the Complaint and the causes of action set forth therein, Defendant alleges that insofar as Plaintiff asserts a claim for lost benefits, and such a claim relates to a plan maintained by Defendant that is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, *et seq.*, any claim for such damages is preempted by ERISA.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

Firmwide:101762404.1 058012.1000

9.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## SEPARATE AND AFFIRMATIVE DEFENSE

2

37.     As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has

3

suffered any emotional distress, which Defendant denies, such emotional distress was proximately

4

caused by factors other than Plaintiff's employment, the actions of Defendant or anyone acting on

5

Defendant' behalf, or either of these.

6

7

## SEPARATE AND AFFIRMATIVE DEFENSE

8

38.     As a separate and distinct affirmative defense, Defendant alleges that California's

9

system of emotional distress damages is unconstitutional under *State Farm Mut. Automobile Ins. Co.*

10

*v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

## SEPARATE AND AFFIRMATIVE DEFENSE

11

39.     As a separate and distinct affirmative defense, Defendant alleges that any recovery to

12

which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other

13

monies that Plaintiff has received or will receive, whether through employment, disability insurance,

14

unemployment insurance, workers' compensation or otherwise.

15

## SEPARATE AND AFFIRMATIVE DEFENSE

16

40.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot

17

recover special damages, as any such damages are barred for failure to alleges them with specificity.

18

## SEPARATE AND AFFIRMATIVE DEFENSE

19

41.     As a separate and distinct affirmative defense, Defendant alleges that a reasonable

20

opportunity for investigation and discovery will reveal and, on that basis, alleges that Plaintiff's

21

claims are unreasonable, and/or were filed in bad faith and/or are frivolous and, for that reason,

22

justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:101762404.1 058012.1000

10.

## SEPARATE AND AFFIRMATIVE DEFENSE

42.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that some or all of Plaintiff's claims are barred because, without admitting that it engaged in any of the acts alleged, to the extent any allegations or causes of action alleged in the Complaint rely upon any verbal or non-verbal speech or expression, such allegations or causes of action are barred by the protections of free speech and expression contained in Article I, Section 2 of the Constitution of the State of California and the First Amendment of the United States Constitution.

WHEREFORE, Defendant prays that:

1.     Plaintiff's Complaint be dismissed in its entirety with prejudice and Plaintiff take nothing by way of his Complaint;

2.     Defendant be awarded judgment in its favor and against Plaintiff;

3.     Defendant recover its costs of suit and attorneys' fees incurred herein; and

4.     The Court grant Defendant such other and further relief as it deems just and proper.

Dated: May 24, 2011

CRAIG G. STAUB
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
U.S. REMODELERS, INC. dba U.S. HOME
SERVICES AND HOME DEPOT U.S.A.,
INC.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

Firmwide:101762404.1 058012.1000                                11.

HOME DEPOT U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2

3           I am a resident of the State of California, over the age of eighteen years, and not a

4   party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles,

5   California 90067.3107. On May 24, 2011, I served the within document(s):

6           **ANSWER OF DEFENDANT HOME DEPOT U.S.A., INC. TO COMPLAINT**

7

8   ☒       by placing a true copy of the document(s) listed above for collection and mailing
            following the firm's ordinary business practice in a sealed envelope with postage
9           thereon fully prepaid for deposit in the United States mail at Los Angeles,
            California addressed as set forth below.

10

11   Steven M. Sweat, Esq.
     Joshua W. Glotzer, Esq.
12   GLOTZER & SWEAT, LLP
     280 S. Beverly Drive, Suite 302
13   Beverly Hills, CA 90212
     *T: (310) 623-3771*
14   ***Attorney for Plaintiff***

15           I am readily familiar with the firm's practice of collection and processing

16   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

17   would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

18   deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

19   thereon fully prepaid in the ordinary course of business.

20           I declare under penalty of perjury under the laws of the State of California that the

21   above is true and correct. Executed on May 24, 2011, at Los Angeles, California.

22

23

24                                                            Jonna Newcomb-Carter

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:101387860.1 058012.1000

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 4522 PSG (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| VICTOR SANCHEZ | U.S. REMODELERS, INC. dba U.S. HOME SERVICES; HOME DEPOT |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| STEVEN M. SWEAT/JOSHUA W. GLOTZER<br>GLOTZER & SWEAT, LLP<br>280 S. BEVERLY DR., SUITE 302<br>BEVERLY HILLS, CA 90212<br>310.623.3771 | CRAIG G. STAUB<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East<br>Fifth Floor<br>Los Angeles, CA 90067<br>310.553.0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendant is filing this notice of removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446, because complete diversity exists between the parties.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11-04522

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.<br>www.FormsWorkflow.com

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | U.S. Remodeler's Inc. - Delaware and Illinois<br>Home Depot U.S.A., Inc. - Delaware and Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

| X. SIGNATURE OF ATTORNEY (OR PRO PER): | | Date May 25, 2011 |
|---|---|---|
| Craig G. Staub | | |

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com